We deny Johnson's outstanding motions.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lavina **JOHNSON**, Plaintiff—
Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE,**
Defendant—Appellee.

No. 03–35055.

D.C. No. CV–01–05489–RJB.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 25, 2003.

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

MEMORANDUM**

Lavina Rae Johnson appeals pro se the district court's summary judgment for the Internal Revenue Service ("IRS") and its orders denying her motion to strike, motion for default judgment, motion for reconsideration, and motion to vacate void judgment, in her action alleging violations of 5 U.S.C. §§ 552 ("Freedom of Information Act" or "FOIA") and 552a ("Privacy Act"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *San Pedro Hotel Co., Inc. v. City of Los Angeles,* 159 F.3d 470, 477 (9th Cir.1998), and we affirm.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Johnson's numerous contentions challenging the legal existence of the IRS lack merit. We have long recognized the existence of the IRS. *See, e.g., Brandow v. U.S.,* 268 F.2d 559, 563–64 (9th Cir.1959) ("The Internal Revenue Service is a part of the Treasury Department of the United States which is an agency of the United States government"). Moreover, the IRS is an "agency" for purposes of the FOIA and the Privacy Act. *See* 5 U.S.C. § 551(1) (defining "agency" as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency").

We grant the Commissioner's motion for sanctions pursuant to Fed. R.App. P. 38 and 28 U.S.C. § 1912 because this appeal is frivolous. *See Grimes v. Commissioner,* 806 F.2d 1451, 1454 (9th Cir.1986) (per curiam) ("[s]anctions are appropriate when the result of an appeal is obvious and the arguments of error are wholly without merit"). Accordingly, **we impose a sanction of $2000.**

We construe Johnson's May 8, 2003 "Motion for Clarification and Correction of the Record" as a motion to file an untimely reply brief. The clerk shall file Johnson's reply brief, received April 30, 2003.

We deny Johnson's remaining outstanding motions.

**AFFIRMED.**