*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 08a0018p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

      *Plaintiff-Appellee,*

    *v.*

TERRELL R. BAILEY,

      *Defendant-Appellant.*

No. 06-5576

>

Appeal from the United States District Court
for the Eastern District of Kentucky at Covington.
No. 05-00038—David L. Bunning, District Judge.

Argued: September 18, 2007

Decided and Filed: December 13, 2007[*]

Before: MOORE and GRIFFIN, Circuit Judges; TARNOW, District Judge.[**]

---

## COUNSEL

**ARGUED:** Jessica A. Dipre, DINSMORE & SHOHL, Cincinnati, Ohio, for Appellant. Andrew Sparks, ASSISTANT UNITED STATES ATTORNEY, Lexington, Kentucky, for Appellee. **ON BRIEF:** Michael J. Newman, Jennifer K. Swartz, DINSMORE & SHOHL, Cincinnati, Ohio, for Appellant. Charles P. Wisdom, Jr., David P. Grise, ASSISTANT UNITED STATES ATTORNEY, Lexington, Kentucky, for Appellee.

GRIFFIN, J., delivered the opinion of the court, in which MOORE, J. (p. 8), and TARNOW, D. J. (p. 9), joined and delivered separate concurring opinions.

---

## OPINION

---

GRIFFIN, Circuit Judge. Defendant Terrell R. Bailey appeals his convictions and sentences for possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of drug trafficking, 18 U.S.C. § 924(c)(1)(A)(i); and being a

---

[*] This opinion was originally issued as an "unpublished opinion" filed on December 13, 2007. The court has now designated the opinion as one recommended for full-text publication.

[**] The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

convicted felon in possession of a firearm, 18 U.S.C. § 922(g)(1). Because of his prior convictions for drug trafficking and second-degree escape, KY. REV. STAT. § 520.030, the district court sentenced defendant as a career offender under the Sentencing Guidelines. On appeal, Bailey argues that his prior Kentucky state court conviction for second-degree escape does not qualify for a career offender enhancement; there was insufficient evidence to support his convictions; and the district court erred in enhancing his Guidelines offense level after finding that he had perjured himself at trial. For the reasons that follow, we affirm defendant's convictions and sentences.

I.

On November 7, 2004, Terrell Bailey was driving a stolen car in Covington, Kentucky. A Covington police officer identified the stolen car and attempted to stop Bailey. Defendant refused to stop and was eventually apprehended while attempting to flee into Ohio.

After Bailey was arrested, the officers searched him and, in the process, discovered two baggies of crack cocaine in his possession. One bag contained 9.41 grams and the other 5.50 grams. The officers also found two cellular telephones with Bailey, and a loaded .357 Magnum and empty holster under his seat in the car. The handgun had not been in the car when it was stolen. Elizabeth Stanford, age 17, was the only passenger in the car. At trial, she testified that she was not the owner of the handgun, and that she had told the police (through a written statement) that Bailey put the gun under the seat.[1]

A federal grand jury indicted Bailey, charging him with possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On January 5, 2006, following a three-day trial, a jury convicted Bailey on all charges.

The district court sentenced Bailey to 360 months on the distribution conviction to be served concurrently with 120 months on the conviction of possession of a firearm in furtherance of drug trafficking, followed by a consecutive sentence of 60 months for being a felon in possession of a firearm.

Bailey timely appealed.

II.

Defendant was sentenced as a career offender pursuant to U.S. SENTENCING GUIDELINES MANUAL § 4B1.1.[2] The Guidelines section states, in pertinent part:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

---

[1] Defendant did not object to this testimony or move to limit its admissibility. Later, the written statement itself (Government Exhibit No. 12) was admitted into evidence for impeachment purposes only.

[2] In his primary brief, Bailey mistakenly argued that he was sentenced under the Armed Career Criminals Act, 18 U.S.C. § 924(e)(2)(B)(i), rather than under § 4B1.1 of the Sentencing Guidelines. The government identified this error in its brief, and Bailey acknowledged the error in his reply brief.

*Id.*

Bailey was 23 years old at the time of the arrest and the instant conviction is a controlled substance felony offense. In addition, Bailey had a prior felony conviction for trafficking in a controlled substance, and a Kentucky state conviction for second-degree escape in violation of KY. REV. STAT. § 520.030. However, defendant asserts that he does not meet the third element required for career offender enhancement. Specifically, he argues that the district court erred by considering his Kentucky second-degree escape conviction to be a "crime of violence" for purposes of § 4B1.1.

Bailey contends that his escape offense was "a far cry from a crime of violence." According to him, he "merely walked away from a halfway house; no violence was committed or threatened, and the escape charge was not filed until Bailey was in custody on another unrelated charge . . . ." Defendant argues that "[e]ven the most limited factual inquiry" into his escape would reveal that it was not violent.

The government responds by asserting that we are forbidden from conducting a "broad factual inquiry" into the circumstances surrounding a prior conviction and must instead rely on a "categorical approach." We agree. *Taylor v. United States*, 495 U.S. 575, 600 (1990), and *United States v. Montanez*, 442 F.3d 485, 489 (6th Cir. 2006) (and cases cited therein). As we stated in *Montanez*, 442 F.3d at 489:

> Under the categorical approach, "it is not only impermissible, but pointless, for the court to look through to the defendant's actual criminal conduct." *Butler*, 207 F.3d at 843. This approach "avoids the subsequent evidentiary enquiries into the factual basis for the earlier conviction." *Shepard*, 125 S. Ct. at 1259. "Generally speaking, only the fact of the prior conviction and the statutory definition of the predicate offense are used to determine whether a prior conviction is a controlled substance offense." *Galloway*, 439 F.3d 320, at 323 (citations omitted). If, however, the categorical approach fails to be determinative, a sentencing court may look to the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented," *Shepard*, 125 S. Ct. at 1257, in order to determine whether the prior crime qualifies as a controlled substance offense. *See also Galloway*, 439 F.3d 320, at 323 (noting that although *Shepard* applied to review under the Armed Career Criminal Act, it "[b]y extension" applies to review under Guideline section 4B1.1).

In the present case, the categorical approach is determinative, and the appellate record does not include the charging documents or other court records pertaining to the escape conviction.

In *United States v. Harris*, 165 F.3d 1062, 1067-68 (6th Cir. 1999), we held that the Tennessee escape statute was categorically a "crime of violence" for purposes of the career offender enhancement. In doing so, we explicitly adopted the Tenth Circuit's rationale from *United States v. Gosling*, 39 F.3d 1140 (10th Cir. 1994), which emphasized that "every escape scenario is a powder keg, which may or may not explode into violence and result in physical injury to someone at any given time, but which always has the serious potential to do so." *Id.* at 1142.

Thereafter, in *United States v. Esteppe*, 483 F.3d 447, 451 (6th Cir. 2007), we applied *Harris* to hold that a violation of the Kentucky escape statute was also a "crime of violence." However, the *Esteppe* court did not specify whether the prior conviction at issue involved first- or second-degree escape. Nonetheless, in *United States v. Jackson*, 63 F. App'x 839 (6th Cir. 2003) (unpublished), a panel of this court ruled that Kentucky's second-degree escape statute was a crime of violence. The *Jackson* court stated that it was "bound by this circuit's directive in *Harris*" to conclude that second-degree escape was a crime of violence. *Id.* at 843.

Moreover, in *United States v. Lancaster*, 501 F.3d 673 (6th Cir. 2007), we held that Kentucky's second-degree escape statute was a "violent felony" for purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). In doing so, we relied heavily on the *Harris* rationale. *Lancaster*, 501 F.3d at 676-78. *Lancaster* noted that, "[a]lthough 'crime of violence' and 'violent felony' are terms of art whose definitions are not interchangeable, the operative language under § 4B1.2's definition of 'crime of violence' is identical to the language used to define 'violent felony' under 18 U.S.C. § 924." *Id.* at 676 n.2 (citation omitted).

The same rationale used in *Lancaster* applies to the instant case. Kentucky's second-degree escape statute is a crime of violence under § 4B1.1 for the same reasons that it is a violent felony under ACCA. This conclusion is not only consistent with *Lancaster*, it is presupposed by it. *Lancaster* relied on *Jackson*'s holding that the second-degree escape statute was a crime of violence under § 4B1.1. We acknowledged that *Jackson* was unpublished, and therefore not precedentially binding under the doctrine of stare decisis, *see Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 n.4 (6th Cir. 2007), but found *Jackson*'s analysis of *Harris* to be logical and persuasive. *Lancaster*, 501 F.3d at 677.

In the present case, we now hold that KY. REV. STAT. § 520.030 is a crime of violence under § 4B1.1 for the same reasons that the *Lancaster* court found it to be a violent felony under ACCA. We thus affirm the district court's ruling that Bailey's prior escape conviction qualifies as a predicate crime of violence for purposes of § 4B1.1.

III.

Next, Bailey argues that the evidence presented to the jury was insufficient to support his convictions. "The relevant question in assessing a challenge to the sufficiency of the evidence is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. McAuliffe*, 490 F.3d 526, 537 (6th Cir. 2007). When reviewing the record, "the court views all evidence in the light most favorable to the prosecution and determines whether there is any evidence from which a reasonable jury could find guilt beyond a reasonable doubt." *United States v. Talley*, 164 F.3d 989, 996 (6th Cir. 1999).

A.

Bailey was convicted of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). To prove possession with intent to distribute, the prosecution must prove that: (1) the defendant knowingly, (2) possessed a controlled substance, (3) with intent to distribute. *United States v. Coffee*, 434 F.3d 887, 897 (6th Cir. 2006).

Bailey argues that the government presented insufficient evidence to prove that he knowingly possessed crack cocaine. Defendant claims that Officer Mears's testimony was "clearly impeached" when he testified that he removed the crack cocaine from Bailey's pants, but later testified that it was Officer Isaacs who removed the drugs.

Bailey further argues that, even if the court accepts Officer Mears's testimony, the amount of drugs seized was not enough to support a conviction for distribution. He notes that the Supreme Court has stated that a small amount of contraband is insufficient to sustain a verdict for distribution in the absence of other evidence. Bailey emphasizes that he had only 15 grams of crack cocaine and did not possess any scales, baggies, or other drug paraphernalia.

The government responds that Officer Isaacs testified that he found two bags of crack cocaine in Bailey's pants pockets. From such evidence, it asserts that a reasonable juror could credit Officer Isaacs's testimony and find that it satisfies the first two elements – that Bailey knowingly possessed a controlled substance.

Moreover, the government disagrees with Bailey's contention that Officer Mears's testimony was "clearly impeached." It notes that the dispute regarded which officer discovered the crack cocaine, not whether crack cocaine was discovered. To the extent that any such inconsistency reflects upon Officer Mears's credibility, we must defer to the trier of fact. Further, when reviewing claims of insufficient evidence, all credibility determinations must be drawn in favor of the prosecution. *United States v. DeJohn*, 368 F.3d 533, 542 (6th Cir. 2004).

The government also refutes Bailey's claim that the amount of crack cocaine seized was insufficient to support a finding of his intent to distribute. Bailey possessed two bags of crack cocaine, one containing 9.41 grams, and the other containing 5.41 grams. Brett Price, the prosecution's expert witness, testified that the amount of crack found was consistent with drug trafficking, not personal use, because most dealers in the area sell crack cocaine in units of 0.1 to 0.2 grams. Further, Bailey was found with two cellular telephones but admitted that he was unemployed. Price testified that dealers often carry *two* cell phones – one to contact customers and one to contact suppliers – so that if police trace the call records of their customers it will not lead to their suppliers.

We agree with the government and conclude that the evidence presented at trial, in total, was sufficient to permit a reasonable jury to find that defendant knowingly possessed crack cocaine with the intent to distribute.

B.

Next, Bailey was convicted of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i). The relevant portion of the statute provides:

> any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime – (i) be sentenced to a term of imprisonment of not less than 5 years . . . .

*Id*.

Bailey argues that, if he possessed a firearm, it was not used "in furtherance" of the offense.[3] The government asserts that the firearm was used in furtherance of the crime because it was "located immediately under [Bailey's] seat in the car he controlled." Both parties rely on *United States v. Mackey*, 265 F.3d 457 (6th Cir. 2001).

In *Mackey*, the issue was whether a short-barreled shotgun found in the same house as the defendant who was arrested for selling crack cocaine was sufficient to establish that the defendant possessed the firearm in furtherance of drug trafficking. *Id*. at 459. We stated in *Mackey* that "the possession of a firearm on the same premises as a drug transaction would not, without a showing of a connection between the two, sustain a § 924(c) conviction." *Id*. at 462. In doing so, we qualified this statement by describing the scenarios in which possession could qualify as use in furtherance of the crime: "In order for the possession to be in furtherance of a drug crime, the firearm must be strategically located so that it is quickly and easily available for use." *Id*. (citation omitted). We then recited some pertinent factors that may assist in this determination, including: whether the gun was loaded; the type of gun; the drug activity conducted; and the circumstances

---

[3]Bailey also argues that he did not commit the underlying drug trafficking offense, so he could not have possessed a weapon in furtherance of that offense. For the reasons stated in the previous section, we reject this argument and hold that there was sufficient evidence to convict Bailey of the drug trafficking offense.

under which the gun was found. *Id.* "The list of factors is not exclusive, but it helps to distinguish possession in furtherance of a crime from innocent possession of a wall-mounted antique or an unloaded hunting rifle locked in a cupboard." *Id.*

In the present case, the government relies upon the following facts in arguing that Bailey possessed the handgun in furtherance of his drug trafficking: (1) the .357 magnum was loaded; (2) it was quickly and easily accessible under Bailey's seat; (3) it was discovered in a stolen vehicle; and, (4) Stanford's testimony that she told the police that Bailey placed the gun under his seat.

Following our review, we conclude that this record provides ample evidence for a reasonable juror to conclude that Bailey's possession of the firearm was in furtherance of his drug trafficking.

C.

Bailey was also convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). To convict a defendant under this statute, the prosecution must prove three elements: (1) the defendant had a previous felony conviction, (2) the defendant possessed a firearm, and (3) the firearm traveled in or affected interstate commerce. *United States v. Kincaide*, 145 F.3d 771, 782 (6th Cir. 1998).

Defendant does not contest either the first or the third element. Rather, he argues that his mere presence is insufficient to prove his possession of the firearm. Defendant emphasizes that the government must prove that he knowingly had either actual or constructive possession of the firearm. When viewing the facts in the light most favorable to the prosecution, the government met this burden. Stanford stated at the scene that Bailey placed the gun under his seat during the police chase. If this statement is credible, then it must be concluded that Bailey had actual, knowing possession of the firearm – otherwise he could not have placed the gun under his seat. Credibility determinations are the sole province of the trier of fact. *DeJohn*, 368 F.3d at 542.

IV.

Finally, Bailey appeals the district court's enhancement of the Sentencing Guidelines based on his alleged perjury. The district court ruled that Bailey committed perjury during his trial, thereby warranting a two-level enhancement to his offense level pursuant to U.S. SENTENCING GUIDELINES MANUAL § 3C1.1. Specifically, the district court found that Bailey lied when he testified that he did not know that the gun was in the car and had not seen it before it was discovered by the police officers. The district court ruled also that defendant perjured himself when he testified that he did not have any drugs on his person and that the arresting officers "planted" the drugs. The district court found that Bailey's testimony "regarding the gun and cocaine was not the result of mistake or confusion on his part, and they were material . . . he perjured himself in an effort to substantially affect the outcome of the trial."

On appeal, a district court's decision to impose a § 3C1.1 enhancement must be sustained unless it is clearly erroneous. *United States v. Angel*, 355 F.3d 462, 475 (6th Cir. 2004). In the present case, however, we conclude that the issue is moot. Bailey's conviction triggered the career offender enhancement under U.S.S.G. § 4B1.1, which elevated his offense level beyond the two-level enhancement for perjury. The district court applied a § 3C1.1 analysis in the event that the career offender determination was overturned on appeal. Because we hold that the district court properly ruled Bailey to be a career offender under the Guidelines, it is unnecessary for us to decide whether the district court erred regarding its alternative § 3C1.1 enhancement.

V.

In summary, after a thorough review of the record, we conclude that there was sufficient evidence to support Bailey's convictions.  Further, we hold that a Kentucky state court conviction for second-degree escape is a crime of violence for purposes of the Sentencing Guidelines Career Offender Enhancement and conclude that the perjury enhancement issue is moot.

For the above reasons, we affirm defendant's convictions and sentences.

─────────────────────

## CONCURRENCE

─────────────────────

KAREN NELSON MOORE, Circuit Judge, concurring in the majority and concurring in Judge Tarnow's opinion.  I concur in the opinions of both Judge Griffin and Judge Tarnow.

---

**CONCURRENCE**

---

TARNOW, District Judge.

I concur based on the fact that the issue of reasonableness has not been raised. The guideline range is the starting point in determining reasonableness, not the only factor to determine it. Thirty years for the relatively small amount of contraband may be unreasonable.