[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13313
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 20, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-60022-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THEODORE WITHERSPOON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 20, 2008)**

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

This is Theodore Witherspoon's second appearance before the Court. We previously vacated his convictions for possessing a firearm in relation to a crime of violence and possession of a firearm by a convicted felon, and remanded his case

to the district court for the limited purpose of resentencing as to the other counts on which he was convicted, after a jury trial. United States v. Orisnord, 483 F.3d 1169 (11th Cir.), cert. denied, 128 S. Ct. 673 (2007). He now challenges his 387-month sentence, imposed after our limited remand, for conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and conspiracy and attempt to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. On appeal, Witherspoon argues: (1) the district court's application of a firearms enhancement to his Guidelines sentencing range, under U.S.S.G. § 2D1.1(b)(1), violated the law of the case established by our Orisnord decision; and (2) the district court increased his sentence based on facts not admitted by him nor found by a jury, in violation of United States v. Booker, 543 U.S. 220, 244 (2005). After careful review, we affirm.

When a district court applies a sentencing enhancement, we review the district court's factual findings for clear error and its application of the Sentencing Guidelines to those facts de novo. See United States v. Massey, 443 F.3d 814, 818 (11th Cir. 2006). We must affirm the district court's factual findings so long as they are "plausible in light of the record viewed in its entirety." Id. (citation and quotation omitted).

2

In our prior opinion, we outlined the facts underlying Witherspoon's conviction for conspiring to commit a Hobbs Act robbery of 20 to 25 kilograms of cocaine at a Colombian stash house in Fort Lauderdale and his associated conviction for conspiracy and attempt to possess with intent to distribute cocaine. See Orisnord, 483 F.3d at 1173-76. Accordingly, in this opinion, we summarize only the facts relating to the limited remand proceedings.

In Orisnord, we concluded that the evidence was insufficient to sustain Witherspoon's firearms convictions, and, "without further discussion," reversed those convictions, vacated the judgment, and remanded to the district court for resentencing. Id. at 1176. In light of the reversal as to some of the convictions and limited remand for resentencing, we declined to address Witherspoon's sentencing arguments. Id. at 1181 n.5.

The presentence investigation report ("PSI") prepared prior to Witherspoon's resentencing proceedings recommended a base offense level of 34, pursuant to U.S.S.G. § 2D1.1(a)(3), and a 2-level increase, pursuant to § 2D1.1(b)(1), based upon a finding that a dangerous weapon was possessed during the offense. With an adjusted offense level of 36 and a criminal history category VI, Witherspoon faced an advisory Guidelines range of 324-405 months' imprisonment. Witherspoon objected to the § 2D1.1(b)(1) enhancement, arguing

3

that this Court's decision reversing his firearms convictions established, as "the law of the case," that he did not actually or constructively possess a firearm and thus prevented the district court from increasing his Guidelines range for possession of a firearm. In a related vein, Witherspoon argued that after this Court concluded the evidence was insufficient to support his firearms convictions, Booker barred the district court from engaging in judicial factfinding that would elevate his sentence beyond what was allowed for his offenses of conviction.

Over Witherspoon's objections, the district court adopted the PSI's Guidelines calculations. The district court concluded that our Orisnord decision concerning the insufficiency of the evidence to sustain Witherspoon's firearms convictions did not bar the court from enhancing the advisory Guidelines range for use of a dangerous weapon, under § 2D1.1(b)(1), upon a finding, by a preponderance of the evidence, that the use of a firearm in the offense was reasonably foreseeable to Witherspoon. The district court found, by a preponderance of the evidence, that Witherspoon's co-conspirators' possession of guns was reasonably foreseeable to Witherspoon.

The district court further stated that it had considered the factors set forth in § 3553(a), specifically noting that the staged robbery, if it had been real, would have been a "dangerous situation" in which "someone was likely to be hurt or

4

killed." The court concluded that a reasonable sentence would be one at the top end of the Guidelines range of 324 to 405 months' imprisonment. However, the court stated, it did not want to create the impression that it was punishing Witherspoon for exercising his appellate rights, so it sentenced him to "the exact same sentence that [it] imposed the last time" -- a mid-range sentence of 387 months' imprisonment. This appeal followed.

First, Witherspoon challenges the district court's finding that his codefendants' use of firearms was reasonably foreseeable. Witherspoon contends that there is no evidence in the record to support the finding, and that even if such evidence existed, the district court was barred from making such a finding, pursuant to the "law of the case" doctrine.

The firearms enhancement for co-conspirator possession applies to a convicted defendant, pursuant to § 2D1.1(b)(1), where the government proves, by a preponderance of the evidence: "(1) the possessor of the firearm was a co-conspirator, (2) the possession was in furtherance of the conspiracy, (3) the defendant was a member of the conspiracy at the time of possession, and (4) the co-conspirator possession was reasonably foreseeable by the defendant." See United States v. Gallo, 195 F.3d 1278, 1284 (11th Cir. 1999) (emphasis omitted).[1]

_____

[1]Witherspoon does not contest that his co-conspirators possessed firearms in furtherance of the conspiracy, and that he was a member of the conspiracy at the time of their possession.

The "law of the case doctrine" dictates that "an issue decided at one stage of a case is binding at later stages of the same case." United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997). This doctrine is meant to "maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." Id. (internal quotation and citation omitted). The doctrine binds district courts as to both findings of fact and conclusions of law. United States v. Robinson, 690 F.2d 869, 872 (11th Cir. 1982).

In Orisnord, we noted that Witherspoon told the confidential informant ("CI") that co-conspirator Orisnord had told him about the scheme to rob a stash house in Fort Lauderdale, and, although Witherspoon did not have a firearm, Orisnord had told him "not to worry because 'we got that.'" 483 F.3d at 1174. Moreover, while Witherspoon and codefendant Polynice were in a vehicle with Orisnord, Polynice asked Orisnord whether he had procured a gun for Polynice, and Orisnord replied that they "would get pistols at a later time." Id. When Witherspoon and the others met with undercover agent Connors, Connors told the group that "they should have their firearms ready." Id. Finally, three weapons were seized from Witherspoon's co-conspirators when they were arrested at an undercover warehouse.

Notably, nothing in our prior opinion remotely suggested that the district court was prohibited from considering or applying an enhancement for the co-conspirators' possession of the firearms. Rather, we simply found the evidence insufficient to support Witherspoon's firearms convictions -- an issue entirely separate and involving a completely different standard from whether the evidence supports the sentencing enhancement. The "law of the case" doctrine simply does not apply here, since Witherspoon has not pointed to "an issue decided at one stage of a case [that] is binding at later stages of the same case." Escobar-Urrego, 110 F.3d at 1560.[2] On this record, the district court did not err in finding, by a preponderance of the evidence, that possession of firearms by Witherspoon's co-conspirators was reasonably foreseeable to him and accordingly adjusting Witherspoon's offense level by two levels pursuant to § 2D1.1(b)(1).

Next, Witherspoon argues that his sentence was unreasonable because the district court failed to provide sufficient explanation for its decision to give him the same sentence as the one that he had received prior to the reversal of his firearms convictions. According to Witherspoon, in the absence of any other justification

---

[2] It is well-settled that "[w]here appropriate, the sentencing court may consider the defendant's relevant conduct if that conduct is established by a preponderance of the evidence, rather than the proof beyond a reasonable doubt needed to establish elements of the criminal offense." See United States v. Saavedra, 148 F.3d 1311, 1314 (11th Cir. 1998).

under § 3553(a), the sentence must be viewed as punishing him for exercising his appellate rights. We disagree.

With regard to appellate review of sentences, the Supreme Court in Gall emphasized that "'while the extent of the difference between a particular sentence and the recommended Guidelines range is surely relevant, courts of appeals must review all sentences -- whether inside, just outside, or significantly outside the Guidelines range -- under a deferential abuse-of-discretion standard.'" United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Gall, 128 S.Ct. at 591). Our appellate review for reasonableness consists of two steps. Id. at 1190. First, we must we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall, 128 S.Ct. at 597). If we conclude that the district court made no procedural errors, we must consider the "'substantive reasonableness of the sentence imposed, under an abuse-of-discretion standard,'" taking into account the "'totality of the circumstances.'" Id. (quoting Gall, 128 S. Ct. at 597). In reviewing for substantive reasonableness, we consider

8

the sentence, in its entirety, in light of the 18 U.S.C. § 3553(a) factors, which

include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

United States v. Talley, 431 F.3d 784, 785-86 (11th Cir. 2005).

In addition to the fact that Witherspoon received a within-Guidelines

sentence,[3] the district court explicitly stated that it had considered the § 3553(a)

factors, specifically noting that the staged home-invasion robbery, if it had been

real, would have been a "dangerous situation" in which "someone was likely to be

hurt or killed," and that a reasonable sentence would be one at the top end of the

Guidelines range. In addition, the district court stated that it would impose the

same sentence in order to prevent the appearance that it was punishing

Witherspoon for exercising his appellate rights. On this record, Witherspoon has

---

[3] See Rita v. United States, __ U.S. __, __, 127 S. Ct. 2456, 2462 (2007) (holding that a court of appeals may afford a presumption of reasonableness to a within-Guidelines sentence); United States v. Campbell, 491 F.3d 1306, 1314 n.8 (11th Cir. 2007) (noting that, although we have not normally afforded a within-Guidelines sentence a presumption of reasonableness, the Rita decision calls that policy into question).

9

not demonstrated that his sentence was substantively unreasonable.[4]  Accordingly,

we affirm.

**AFFIRMED.**

---

[4]    In light of our finding that there was sufficient evidence to support the district court's sentencing enhancement under § 2D1.1(b)(1), we are unpersuaded by Witherspoon's related argument that the district court committed <u>Booker</u> procedural error by enhancing his sentence based on judicial factfinding under the preponderance-of-the-evidence standard.  <u>United States v. Hamaker</u>, 455 F.3d 1316, 1336 (11th Cir. 2006) (in calculating the Guidelines range, a district court must consider "not merely the charged conduct, but rather all relevant conduct," including both uncharged and acquitted conduct and the court's factual findings on relevant conduct are made by a preponderance of the evidence, rather than beyond a reasonable doubt (citations and quotations omitted)).