*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0307p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 07-3694

ROBERT L. POOLE, JR.,

*Defendant-Appellant.*

Filed: August 21, 2008

Before: DAUGHTREY and McKEAGUE, Circuit Judges; VAN TATENHOVE, District Judge.[*]

---

## ORDER

---

Robert L. Poole, Jr., appeals his convictions, following a jury trial, of conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana (Count 1), in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession of cocaine base with intent to distribute (Count 12), in violation of 21 U.S.C. § 841(a)(1). He also appeals his concurrent 151-month prison sentences and five-year supervised-release terms. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Poole first contends that a retroactive amendment to the guideline for cocaine-base offenses requires that his case be remanded for resentencing. The government agrees that the case should be remanded, but it contends that this court should first affirm the sentence and then remand to the district court so that the lower court can consider a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2).

Effective November 1, 2007, USSG § 2D1.1(c) was amended to reduce the base offense level for most crack cocaine offenses. USSG, App. C, Amend. 706. The amendment adjusts downward by two levels the base offense levels for the quantities of crack. In Poole's case, the district court assessed a base offense level of 32, under USSG § 2D1.1(c)(4), based on the jury's finding that he was responsible for 50 or more grams of cocaine base. Under the amendment, § 2D1.1(c)(5) prescribes a base level of 30 for the same quantity. Effective March 3, 2008, the amendments to the cocaine-base guideline were made retroactive, so that a defendant serving an eligible cocaine-base sentence can file a motion for a sentence reduction. *See* 73 Fed. Reg. 217-01 (Jan. 2, 2008); § 1B1.10(a)(1), (c) (Supp. 2008); *see* 18 U.S.C. § 3582(c)(2).

---

[*] The Honorable Gregory Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Section 1B1.10(a)(1) states that when the guideline range applicable to a federal prisoner has "subsequently been lowered as a result" of a guideline amendment listed in subsection (c), the district court may reduce the prisoner's sentence as provided in 18 U.S.C. § 3582(c). When an amendment like amendment 706 applies retroactively under § 1B1.10(c), the proper procedure is for this court to affirm the sentence but to remand for consideration of whether the prisoner is entitled to a sentence reduction under § 3582(c). *See United States v. Ursery*, 109 F.3d 1129, 1137-38 (6th Cir. 1997). Accordingly, we affirm Poole's sentence but remand for consideration of his entitlement to a sentencing reduction under § 3582(c), § 1B1.10(c), and amendment 706.

Second, Poole challenges the sufficiency of the evidence to support his convictions. Poole emphasizes that the government's primary witness, confidential informant (CI) Jeff Estelle, was an "admitted liar" and that the investigating agent who worked with Estelle, Officer Karen McElroy, had "no independent knowledge or information" to support Estelle's allegations about his dealings with Poole. His conclusion appears to be that the jury was "wrong" because it chose to believe Estelle's testimony.

In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution and decide whether any rational trier of fact could accept the evidence as establishing each of the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Garrido*, 467 F.3d 971, 984 (6th Cir. 2006). We do not weigh the evidence, evaluate the credibility of the witnesses, or substitute our judgment for that of the jury. *Garrido*, 467 F.3d at 984; *United States v. Lopez-Medina*, 461 F.3d 724, 750 (6th Cir. 2006). "To sustain a conviction for drug conspiracy under section 846, the government must prove beyond a reasonable doubt: (1) an agreement to violate drug laws; (2) knowledge of and intent to join the conspiracy; and (3) participation in the conspiracy." *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007). "To prove possession of a controlled substance with intent to distribute, the prosecution must prove that: (1) the defendant knowingly, (2) possessed a controlled substance, (3) with intent to distribute." *United States v. Bailey*, 510 F.3d 562, 566 (6th Cir. 2007).

The evidence was easily sufficient to support Poole's convictions. Codefendant Charles Bailey, the leader of the drug conspiracy, testified for the government that he and others, including his father, codefendant Samuel Thornton, dealt in multi-kilogram quantities of cocaine. Bailey did not deal drugs directly with Poole, who was a cousin to Bailey and Thornton, but did observe Poole and Thornton hang out together and had seen Poole use cocaine.

The CI, Estelle, was the primary source of testimony for Poole's involvement in the conspiracy. Estelle testified that, in early November 2003, he traveled with Poole and Thornton from Lima, Ohio, to Fort Wayne, Indiana, where he personally observed Poole and Thornton buy two ounces of crack cocaine. Poole rode in Estelle's car during this trip, and Poole indicated to Estelle that he wanted to "do his own thing" because Thornton was "slowing him down." Estelle understood Poole to be referring to drug trafficking. Bailey's testimony regarding the scope of the conspiracy and Estelle's testimony regarding Poole's participation set forth the basis for the conspiracy count as it pertained to Poole.

On December 15, 2003, investigators arranged for Estelle to conduct a controlled drug buy from Thornton. Estelle had several telephone conversations with Thornton and one with Poole, the clear import of which was that Thornton and Poole were preparing crack cocaine for sale to Estelle. Estelle met Thornton and Poole at a Lima intersection, where he gave Thornton $1,000, which had been provided by investigators, in return for crack cocaine. Estelle was wearing a wire for this transaction. Surveilling officers determined that the car in which Thornton and Poole arrived was registered to Poole. The December 15, 2003, transaction was the basis for Count 12.

Estelle's testimony was more than sufficient to establish that Poole knew about the drug-trafficking conspiracy and participated in it, *see Gardner*, 488 F.3d at 710, and that he knowingly possessed cocaine base with intent to distribute it on December 15, 2003. *See Bailey*, 510 F.3d at 566. As noted above, it is not our role to evaluate Estelle's credibility or to substitute our judgment for that of the jury. *See Garrido*, 467 F.3d at 984; *Lopez-Medina*, 461 F.3d at 750. Poole's suggestion that direct physical evidence was required is erroneous. *See United States v. Hines*, 398 F.3d 713, 719 (6th Cir. 2005).

For the reasons discussed above, we affirm the convictions and sentences. However, we remand for consideration of whether Poole is entitled to a reduction of sentence under 18 U.S.C. § 3582(c).

ENTERED BY ORDER OF THE COURT


/s/ Leonard Green

_____
Clerk