NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0248n.06
Filed: April 1, 2009

No. 07-4219

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

       v.

IVAN J. SMITH,

    Defendant-Appellant.

On Appeal from the United
States District Court for the
Southern District of Ohio at
Columbus

_____/

**Before:     GUY, GILMAN, and COOK, Circuit Judges.**

**PER CURIAM**.    Defendant Ivan J. Smith, found guilty by a jury in 2003 of three counts of possession with intent to distribute either cocaine or cocaine base, has been twice resentenced by the district court in the wake of *United States v. Booker*, 543 U.S. 220 (2005). Smith now seeks a third resentencing, arguing that retroactive crack cocaine amendments to the United States Sentencing Guidelines require that his prison term be reduced. Finding the requested resentencing to be unnecessary, because the district court's September 2007 sentence was in accordance with the retroactive November 2007 amendments, we affirm.

**I**.

In September 2003, Smith was found guilty by a jury of two counts of attempted possession with intent to distribute more than 500 grams of cocaine (on two different dates),

and one count of possession with intent to distribute more than five grams of cocaine base, or "crack" cocaine. The jury made specific findings concerning the amounts alleged in the indictment.

Smith's initial sentencing was held in March 2004. Smith made objections to the recommendations in the presentence report, specifically (1) the inclusion of 505.1 grams of a cocaine mixture discovered in a shoe box as relevant conduct, (2) a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1, and (3) the addition of a criminal history point for a previous possession-of-marijuana conviction. Smith also requested a downward departure in his criminal history category. The objections and request were denied by the district court, which determined the sentencing guidelines range to be between 188 and 235 months in prison (offense level 34, criminal history category III). The range reflected the two-level enhancement for obstruction of justice, which resulted from the district court's determination that Smith had committed perjury when he testified at trial. Smith's sentence included 200 months in prison on each count, to be served concurrently; eight years of supervised release; and a fine and special assessment.

Smith filed an appeal, claiming error in both his conviction and his sentence.[1] While the appeal was pending, *Booker* was decided by the United States Supreme Court, making the sentencing guidelines advisory, rather than mandatory. We affirmed the conviction but, citing *Booker*, determined that "[t]he district court committed plain error, therefore, in

---

[1]During the time the first appeal was pending, Smith filed a motion for new trial based on newly discovered evidence, which was denied by the district court. Some of those issues are the subject of Smith's subsequent 28 U.S.C. § 2255 petition to set aside his conviction. The district court has stayed disposition of that petition pending resolution of the instant appeal.

sentencing Smith under the then-mandatory Sentencing Guidelines based upon a judge-found fact." Smith's sentence was vacated and the case was remanded for resentencing.

At the first resentencing held November 3, 2005, the district court determined that, post-*Booker*, it did not have the authority to make a factual finding on Smith's obstruction of justice at his trial. Accordingly, the district court determined that the guidelines sentencing range was 151 to 188 months, and sentenced Smith to 180 months in prison, leaving the remaining sentence terms unchanged. The government disagreed with this position in both its sentencing memorandum and on the record, arguing that under the post-*Booker advisory* sentencing guidelines, the district court was permitted to make an obstruction-of-justice factual finding and the resulting sentence enhancement. The government appealed the new sentence.

We agreed with the government on the second appeal, concluding the district court did have the authority to make a factual finding on the obstruction-of-justice issue under the advisory guidelines, citing *United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006); *United States v. Ferguson*, 456 F.3d 660, 665 (6th Cir. 2006); and *United States v. Coffee*, 434 F.3d 887, 898 (6th Cir. 2006). Accordingly, we remanded the case a second time for resentencing.

The second resentencing in this case was held September 19, 2007. Given our ruling, the district court imposed the two-level enhancement for obstruction of justice. This reinstated an advisory guideline range of 188 to 235 months, based on an offense level of 34 and a criminal history category of III. However, the district court did not impose a sentence

in that range. For the reasons described below, the district court chose to resentence Smith to the same 180-month period that it had imposed at the previous hearing.

In Smith's sentencing memorandum filed prior to the September 2007 resentencing, he renewed the objections that he had voiced in previous proceedings, and raised a new issue before the district court. He specifically asked the court to consider then-recent recommendations of the United States Sentencing Commission concerning amendments to the guidelines reducing the disparity between crack and powder cocaine, which had not yet been implemented.[2] Application of the anticipated guidelines would have given Smith an offense level of 32 versus a level of 34 under the then-current guidelines, and resulted in a lowered guidelines range of 151 to 188 months' imprisonment.

At the sentencing hearing, the district court discussed the 18 U.S.C. § 3553(a) sentencing factors on the record, articulating at the end the "need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." Noting that it would not "wait on" the Sentencing Commission's ultimate conclusion regarding the proposed amendments prior to sentencing the defendant, the district court acknowledged the disparity in sentencing "throughout the nation among federal judges with regard to this disparity of crack and powder cocaine." The district court discussed many of the practical reasons why the Sentencing Commission was considering the change, and determined it would not be fair to give the defendant a guidelines sentence "on the 100 and

---

[2]In an effort to reduce the sentencing disparity between powder and crack cocaine offenses, the November 2007 amendments reduced, by two levels, the base offense level assigned to each quantity of crack cocaine identified in the guidelines. *See Kimbrough v. United States*, 128 S. Ct. 558, 569 (2007). The amendments were made retroactive effective March 3, 2008. *See* 73 Fed. Reg. 217-01 (Jan. 2, 2008).

disparity type of thing that's going on right now, as opposed to what it might change to later on." The district court then sentenced Smith to the previously imposed 180 months on each count, to be served concurrently, which is within the post-amendment guidelines range. The government did not object to the district court's pronouncement. Defendant then filed this appeal.[3]

## II.

Although Smith requests that we vacate his sentence and remand to the district court for application of the amended guidelines, such action would serve no real purpose. Smith cites to 18 U.S.C. § 3582(c)(2), which provides that—as in this case—when the sentencing range used to sentence a defendant has subsequently been lowered, the term of imprisonment may be reduced upon appropriate motion to the sentencing court. Smith does not assert that such a motion was made to the district court, simply stating that he is "a good and proper candidate for an additional reduction in sentence." Smith directs us to *United States v. Poole*, 538 F.3d 644 (6th Cir. 2008), where we found the proper procedure for application of retroactive amendments to the Sentencing Guidelines was to "affirm the sentence but to remand for consideration of whether the prisoner is entitled to a sentence reduction under § 3582(c)." *Id.* at 646 (citing *United States v. Ursery*, 109 F.3d 1129, 1137-38 (6th Cir.

---

[3]His appeal was filed October 1, 2007, 11 days after the district court's September 20, 2007 Judgment and Commitment Order, but 10 days after the district court's written order of September 21, 2007, concerning Smith's objections to the presentence report. The government accepts the appeal as timely.

1997)).[4]   In *Poole*, however, there is no indication that the district court considered the upcoming amendments in fashioning a sentence.

The government requests that we simply affirm the district court without remand, for the reason that the defendant has already received the benefit that the retroactive amendment contemplates. We agree with this position. Whether or not it was proper for the district court to consider the upcoming amendments in the way that it did, the amendments took effect. We also note that the district court was sentencing this defendant for the third time, and that it thoroughly applied the 18 U.S.C. § 3553(a) sentencing factors. The district court's previous sentence of 180 months' imprisonment was consistent with the range that would have resulted from application of the later-enacted amendments, and it is clear that the district court was taking the upcoming amendments into consideration to lend finality to its third pronouncement of sentence for this defendant. Because the record indicates that the district court would not alter its sentence if it were to revisit this issue, we decline to remand for resentencing.

**AFFIRMED**.

---

[4]Smith also cites to *United States v. McPhearson*, 303 F. App'x 310 (6th Cir. 2008), for this proposition, and the distinguishable Second Circuit case of *United States v. Keller*, 539 F.3d 97 (2d Cir. 2008), where the matter was remanded to the district court for resentencing, because the record gave no indication of whether the district court understood the extent of its discretion to vary from the guidelines.