**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0582n.06

No. 09-5631

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

**Aug 31, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff–Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| TERRELL R. BAILEY, | ) | |
| | ) | |
| **Defendant–Appellant.** | ) | **O P I N I O N** |
| _____ | ) | |

Before:  MOORE and GRIFFIN, Circuit Judges, and TARNOW, District Judge.[*]

**KAREN NELSON MOORE, Circuit Judge.**  Terrell Bailey appeals the district court's imposition of a 204-month prison sentence on the grounds that it is procedurally unreasonable. Bailey argues that the district court's application of a two-level sentencing enhancement under U.S. Sentencing Guidelines ("U.S.S.G.") § 2D1.1(b)(1), for possession of a dangerous weapon directly conflicts with our previous vacation of Bailey's gun-related convictions for insufficiency of the evidence. *See United States v. Bailey*, 553 F.3d 940, 942 (6th Cir. 2009).  Because we conclude that nothing in our prior opinion precluded the district court from applying a gun-possession enhancement and because such an enhancement is supported by a preponderance of the evidence, we **AFFIRM**.

---

[*]The Honorable Arthur J. Tarnow, U.S. District Court for the Eastern District of Michigan, sitting by designation.

## I. BACKGROUND & PROCEDURE

As recounted in our prior opinion, Bailey was driving a stolen car in Covington, Kentucky when a "police officer identified the stolen car and attempted to stop Bailey." *United States v. Bailey*, 510 F.3d 562, 564 (6th Cir. 2007), *adopted by reference*, *Bailey*, 553 F.3d at 942. Bailey refused to yield, but police eventually apprehended him as he attempted to flee into Ohio. A post-arrest search of Bailey and the stolen car revealed in Bailey's possession "two baggies of crack cocaine" containing "9.41 grams and . . . 5.50 grams," respectively. *Bailey*, 510 F.3d at 564. "The officers also found two cellular telephones . . . , and a loaded .357 Magnum and empty holster" under the driver's side seat. *Id.*

Bailey was charged with possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). With respect to the gun charges, "Bailey testified at trial that he was not aware of the gun inside the car; that he did not put a gun inside the car; and that he did not have a gun on his person when he got inside the car." *Bailey*, 553 F.3d at 946. Evidence also established that while "[t]he handgun had not been in the car when it was stolen," *Bailey*, 510 F.3d at 564, "multiple people other than Bailey either had access to or drove the car on the night that the gun was found," *Bailey*, 553 F.3d at 946 n.5. At the time Bailey was stopped by police, Elizabeth Stanford, a seventeen-year old female, was the only passenger in the vehicle. When asked about the presence of the weapon in the car at trial, Stanford testified "that she was not the owner of the handgun," *Bailey*, 510 F.3d at 564, and that "she first saw the gun when the police officers removed it from the car," *Bailey*, 553

F.3d at 946. Stanford's testimony, however, directly conflicted with both written and oral statements that she made to police on the night of Bailey's arrest, which indicated "that Bailey [had] put the gun under the seat," *Bailey*, 510 F.3d at 564. "The district court . . . admitted [evidence of] her arrest-scene statements only for impeachment purposes and . . . forb[ade] the jury from considering the statements as evidence in determining Bailey's guilt." *Bailey*, 553 F.3d at 943. The jury convicted Bailey on all counts.

Bailey was then sentenced by the district court as a career offender, *see* U.S.S.G. § 4B1.1 (2005), a status that was based on his previous convictions for a controlled-substance felony and a "walk-away" escape, *Bailey*, 510 F.3d at 565. The district court imposed a total of 420 months' imprisonment: 360 months for the drug conviction, to be served concurrently with the 120-month sentence for the § 922(g) violation, followed by a 60-month sentence for the violation of § 924(c). *Bailey*, 510 F.3d at 564. Bailey timely appealed to this court, and we overturned Bailey's convictions under 18 U.S.C. §§ 924(c) and 922(g) for lack of sufficient evidence that he possessed the firearm in question. We remanded the case to the district court. *See Bailey*, 553 F.3d at 942.

On remand, the district court ordered the U.S. Probation Office to prepare an addendum to Bailey's original Presentence Investigation Report ("PSR") and recalculate the appropriate recommended Guidelines range in light of our decision. Both parties conceded that because of an interim change in the law, Bailey could no longer be classified as a career offender. *See United States v. Ford*, 560 F.3d 420 (6th Cir. 2009). Moreover, while Bailey's case was pending on direct appeal, the U.S. Sentencing Guidelines were amended to reduce the base offense level for crack-cocaine offenses by two. Thus, starting with the base offense level of 24, the district court imposed

3

a four-level enhancement for obstruction of justice under U.S.S.G. §§ 3C1.1 and 3C1.2 and a two-level enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1), resulting in a total offense level of 30. With Bailey's criminal history category of VI, the recommended Guidelines range was 168 to 210 months' imprisonment. After reviewing the 18 U.S.C. § 3553(a) factors, the district court imposed a sentence of 204 months' imprisonment. Bailey timely appealed, arguing that this panel's previous determination that insufficient evidence supported his conviction as to both gun-related offenses precluded the district court's imposition of the sentencing enhancement under U.S.S.G. § 2D1.1(b)(1).

## II. ANALYSIS

The sole matter before us on appeal is whether the district court erred by imposing a two-level sentencing enhancement for the possession of a weapon. Bailey contends that the enhancement was legally improper because we concluded previously that no reasonable jury could have found beyond a reasonable doubt that Bailey possessed a gun, and we vacated his gun-related convictions. The Government counters that although competent evidence to convict Bailey of the gun-related charges beyond a reasonable doubt was lacking, that does not per se preclude the district court from imposing the sentencing enhancement. Given the differing evidentiary standards at sentencing hearings as well as the lower burden of proof, we conclude that the Government has the better of the argument.

## A. Standard of Review

Faced with a challenge to the calculation of the Guidelines range, this court reviews "the district court's legal interpretation of the Guidelines" de novo and "[t]he district court's factual findings . . . for clear error." *United States v. Catalan*, 499 F.3d 604, 606 (6th Cir. 2007) (internal quotation marks omitted). "A district court's finding that a defendant possessed a firearm during a drug crime is a factual finding subject to the clearly erroneous standard of review." *United States v. Darwich*, 337 F.3d 645, 664 (6th Cir. 2003) (internal quotation marks omitted). "A finding of fact will only be clearly erroneous when, although there may be some evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted). The district court's decision will stand "as long as it has interpreted the evidence in a manner consistent with the record," and if "there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* (internal quotation marks omitted).

## B. Section 2D1.1(b)(1) Enhancement

U.S. Sentencing Guideline § 2D1.1(b)(1) provides for a "2 level[]" increase to a defendant's base offense level "[i]f a dangerous weapon (including a firearm) was possessed" during the commission of a drug offense. U.S.S.G. § 2D1.1(b)(1). "Before a district court can apply a sentencing enhancement under U.S.S.G. § 2D1.1(b)(1)," however, "the government must show 'by a preponderance of the evidence that the defendant either actually or constructively possessed the weapon.'" *United States v. Wheaton*, 517 F.3d 350, 367 (6th Cir. 2008) (quoting *Darwich*, 337 F.3d at 665). "To establish constructive possession, the government must show that the defendant had

'ownership, dominion, or control' over the firearm or 'dominion over the premises' where the firearm [was] located." *United States v. Miggins*, 302 F.3d 384, 391 (6th Cir. 2002) (quoting *United States v. Snyder*, 913 F.2d 300, 304 (6th Cir. 1990)) (alterations omitted). "Circumstantial evidence is sufficient to establish constructive possession." *Id.* "If the government establishes that the defendant possessed a weapon, a presumption arises that the weapon was connected to the offense." *Wheaton*, 517 F.3d at 367 (internal quotation marks omitted). "The defendant must then show that it was clearly improbable that the weapon was connected with the crime." *Id.* (internal quotation marks omitted).

A threshold matter we must confront is precisely what evidence the district court was entitled to consider in finding that Bailey possessed the firearm within the meaning of U.S.S.G. § 2D1.1(b)(1). The parties' disagreement centers around the arrest-scene statements of Bailey's passenger, Elizabeth Stanford. As mentioned, Stanford made oral and written statements on the night that police arrested Bailey indicating that Bailey had stashed the gun underneath his seat during the police chase. Stanford, testified to the contrary at trial, however, stating that she saw the gun only after the police removed it from the vehicle and that she signed the statement indicating that Bailey had hidden the gun because the police had threatened to charge her with conspiracy if she refused. Because the district court ultimately "admitted her arrest-scene statements only for impeachment purposes" and prohibited "the jury from considering the statements as evidence in determining Bailey's guilt," we also refused to consider "Stanford's written and oral statements" when reviewing whether sufficient evidence supported Bailey's convictions. *Bailey*, 553 F.3d at 943.

6

Bailey now argues that the district court was likewise required to disregard Stanford's statements in fashioning his sentence on remand, and that, absent those statements, there was insufficient evidence to prove by a preponderance of the evidence that Bailey possessed a firearm. The fatal flaw in Bailey's argument, however, is that any Federal Rule of Evidence that limited the jury's consideration of Stanford's statements at trial on hearsay or other grounds is "'inapplicable' to '[m]iscellaneous proceedings,'" which included Bailey's sentencing hearing. *Darwich*, 337 F.3d at 656 (quoting Fed. R. Evid. 1101(d)(3)); *see United States v. Elson*, 577 F.3d 713, 732 n.5 (6th Cir. 2009) (noting that hearsay is admissible in sentencing hearings). Contrary to Bailey's claim, the district court was not categorically prohibited from considering Stanford's statements as evidence that Bailey possessed the firearm for purposes of the sentencing enhancement simply because those statements were not competent evidence of guilt during Bailey's trial. The district court's consideration of Stanford's statements was therefore proper.[1]

Having determined that the district court could consider Stanford's hearsay statements as evidence of Bailey's possession, we further conclude the district court did not clearly err in finding by a preponderance of the evidence that—for purposes of imposing a sentencing enhancement—Bailey possessed the weapon found in the vehicle. First, the "gun was found underneath Bailey's seat in the stolen car he was driving." *Bailey*, 553 F.3d at 945. Second, in

---

[1] We note that at no time before the district court did Bailey challenge the district court's consideration of Stanford statements based on their *reliability*. In both his sentencing memorandum and at the hearing, Bailey focused on the impact of our holding that insufficient evidence supported the gun convictions. Moreover, in his appellate brief, Bailey makes no legal argument related thereto. Thus, Bailey not only forfeited the issue before the district court, but he has waived it on appeal.

7

addition to Bailey's mere presence in the car, which would be insufficient on its own to establish possession, *United States v. Woltz*, 347 F. App'x 155, 161 (6th Cir. 2009) (unpublished opinion), as outlined above there is also competent witness testimony connecting Bailey to the gun. Thus, although there was no fingerprint evidence and there was evidence that other individuals had used the vehicle prior to Bailey's arrest, *Bailey*, 553 F.3d at 946, with Stanford's statements there is sufficient record evidence that Bailey had "ownership, or dominion or control over the" gun within the meaning of § 2D1.1(b)(1). *United States v. Hill*, 79 F.3d 1477, 1485 (6th Cir. 1996).

To the extent that Bailey argues that our previous conclusion that "the government ha[d] presented no evidence establishing a nexus between Bailey and the gun," *Bailey*, 553 F.3d at 946, carries preclusive weight and prohibits the district court from applying the § 2D1.1(b)(1) enhancement, Bailey's argument is unavailing. Although we previously held that insufficient evidence supported the §§ 924(c) and 924(g) convictions, the applicable legal standard was whether in light of the evidence submitted to the jury as part of the Government's case in chief, any reasonable jury could find *beyond a reasonable doubt* that Bailey committed the offenses. In sentencing proceedings, however, the standard of proof is lower, and the Government must show only by a *preponderance of the evidence* that Bailey possessed the weapon. *Wheaton*, 517 F.3d at 367; *see United States v. Evans*, No. 98-1396, 1999 WL 551351, at *5 (6th Cir. July 19, 1999) (unpublished opinion) ("[A] jury finding that the government had failed to prove [the defendant's] possession of the handgun *beyond a reasonable doubt* did not foreclose a finding by the sentencing court that *a preponderance of the evidence* supported [the defendant's] actual or constructive possession of that weapon." (citing *Hill*, 79 F.3d at 1485–86)); *accord United States v. Witherspoon*,

8

283 F. App'x 709, 710 (11th Cir.) (unpublished opinion), *cert. denied*, 129 S. Ct. 300 (2008) (upholding a district court's imposition of a § 2D1.1 (b)(1) enhancement despite the fact that the panel had vacated the defendant's gun-related convictions because "*nothing* in [its] prior opinion remotely suggested that the district court was prohibited from considering or applying an enhancement," and sufficiency of the evidence is an "issue entirely separate and involving a completely different standard from whether the evidence supports the sentencing enhancement").

Not only did the burden of proof change at sentencing, but the quantity of probative evidence did as well. As discussed above, the district court was entitled to consider evidence of Bailey's possession of the weapon at sentencing—namely, Stanford's statements to police on the night of Bailey's arrest—that was not properly before the jury as to the question of Bailey's guilt. In sum, both the different burden of proof as well as the additional evidence at sentencing support the district court's conclusion that Bailey possessed the firearm for purposes of the sentencing enhancement, and there is nothing in our prior opinion that requires us to conclude otherwise.

Because the Government presented sufficient evidence to establish that Bailey possessed the firearm, Bailey bore the burden to show that it was "clearly improbable" that the weapon was connected to the drug offense. *Wheaton*, 517 F.3d at 367 (internal quotation marks omitted); *see also Miggins*, 302 F.3d at 391 ("If the defendant fails to make such a showing, then enhancement under U.S.S.G. § 2D1.1(b)(1) is appropriate."). At no point during his sentencing, however, did Bailey "attempt to carry this burden, nor is there any evidence indicating another purpose for the firearm." *Catalan*, 499 F.3d at 607. Rather, as the Government notes, when the district court asked whether Bailey "wish[ed] to put on any proof with respect to th[e] enhancement," Bailey declined,

stating that "[t]he record is complete as far as where the gun was and the testimony about it." Dist. Ct. Dkt. Doc. ("Doc.") 127 (Sent. Hr'g Tr. at 17).

Based on this record, we conclude that Bailey has not shown that it was "clearly improbable" that the gun was connected to his drug offense. The gun was loaded, it was in close proximity to the place where Bailey stored the drugs, i.e., his pockets, and it was easily accessible. *See Hill*, 79 F.3d at 1486 (indicating that the location of the weapon with respect to the contraband is evidence that the weapon was connected to the drug offense and citing several cases); *United States v. Duncan*, 918 F.2d 647, 651 (6th Cir. 1990) ("[The] enhancement is appropriate if a weapon is found in . . . the automobile that facilitated the drug transaction . . ."). Moreover, the gun was a .357 Magnum, which is "a type of gun normally associated with drug activity." *Hill*, 79 F.3d at 1486 n.5; *see also Miggins*, 302 F.3d at 391 (involving a § 2D1.1(b)(1) enhancement for a "Smith and Wesson .357 caliber pistol"); *Duncan*, 918 F.2d at 650 (upholding a § 2D1.1(b)(1) enhancement related to a "loaded .357 magnum caliber revolver"). And the Government presented expert testimony at Bailey's first sentencing hearing that, as a general matter, guns facilitate Bailey's type of drug crime.

Consequently, because the district court did not clearly err in finding, by a preponderance of evidence, that Bailey possessed the firearm and Bailey has not shown that it was clearly improbable that the gun was related to his drug offense, we conclude that the district court did not err in awarding the sentencing enhancement.

## III. CONCLUSION

For the reasons outlined above, the district court did not err in imposing a two-level enhancement for possession of a firearm.  Bailey's sentence is procedurally reasonable, and we **AFFIRM** the judgment of the district court.

**ARTHUR J. TARNOW, District Judge.**  I write separately to concur in result, only.