*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2000 FED App. 0043P (6th Cir.)
File Name:  00a0043p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*        No. 99-1798

SAUL J. MORRIS,
    *Defendant-Appellant.*



Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 98-80372—Patrick J. Duggan, District Judge.

Argued:  December 10, 1999

Decided and Filed:  February 7, 2000

Before:  BOGGS and SUHRHEINRICH, Circuit Judges;
POLSTER[*], District Judge.

_____

[*] The Honorable Dan A. Polster, United States District Judge for the
Northern District of Ohio, sitting by designation.

_____

**COUNSEL**

**ARGUED:**    Richard  M.  Helfrick,  FEDERAL  PUBLIC
DEFENDERS  OFFICE,  Detroit,  Michigan,  for  Appellant.
Karen L. Reynolds, UNITED STATES ATTORNEY, Detroit,
Michigan, for Appellee.  **ON BRIEF:**  Richard M. Helfrick,
FEDERAL  PUBLIC  DEFENDERS  OFFICE,  Detroit,
Michigan, for Appellant.  Paul Burakoff, UNITED STATES
ATTORNEY, Detroit, Michigan, for Appellee.

_____

**OPINION**

_____

PER CURIAM.  Defendant Saul J. Morris appeals from his
judgment of conviction for misusing a United States Coast
Guard certificate, in violation of 18 U.S.C. § 2197.  The issue
on appeal is whether Defendant's misuse of a copy of an
illegally obtained United States Coast Guard certificate of
registry certifying Defendant as a marine physician assistant
constitutes a violation of § 2197.   We **AFFIRM.**

**I.**

In January 1991, Defendant submitted an application to the
United States Coast Guard ("USCG") for a certificate of
registry attesting to his qualifications as a marine physician
assistant.   Defendant  was  not  entitled  to  the  certificate,
however, and obtained it by fraudulently providing false
information to the USCG in support of his application.

In 1994 and 1995, Defendant submitted applications at
three different health care providers. Defendant supplied two
prospective employers with a copy of his USCG certificate.
Defendant supplied a third with the serial number of the
certificate.

this reason, we reject Defendant's superficial analogies to other statutes.

Furthermore, as pointed out by the Government, § 2197 also proscribes illegally "exhibiting" a federal certificate. To give effect to both words, it follows that "use" should be interpreted in a broader sense such as utilizing the certificate in ways other than merely displaying the original certificate or showing it to others. *See Schering-Plough Healthcare Prods. v. NBD Bank, N.A.*, 98 F.3d 904, 909 (6th Cir. 1996) (stating that courts should avoid interpretations of statutes that render words superfluous); *Barker v. Chesapeake & Ohio R.R.*, 959 F.2d 1361, 1367 (6th Cir. 1992) (stating that courts should endeavor to give effect to each word of the statute if possible). Defendant, by submitting either a copy of the certificate or its serial number, thus "used" the certificate in applying for employment as proof of his professional qualification for the position he sought.

The judgment of the district court is **AFFIRMED.**

On May 20, 1998, Defendant pled guilty to an information charging him with Misuse of a Federal Certificate in violation of 18 U.S.C. § 2197. On September 29, 1998, Defendant withdrew his guilty plea and waiver of indictment. A grand jury returned an indictment on December 3, 1998, charging him with three counts of Misuse of a Federal Certificate in violation of 18 U.S.C. § 2197. After a bench trial, the district court found Defendant guilty on all counts.

Defendant was sentenced to nine months of imprisonment. He timely appeals.

**II.**

Section 2197 of Title 18 of the United States Code provides, in pertinent part, that:

Whoever, not being lawfully entitled thereto, uses, exhibits, or attempts to use or exhibit, . . . any certificate . . . issued to . . . seamen by any officer or employee of the United States authorized by law to issue the same . . . shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C.A. § 2197 (West 1984).

The present case involves a question of statutory interpretation and is, therefore, subject to *de novo* review. *See United States v. Hans*, 921 F.2d 81, 82 (6th Cir. 1990).

Defendant concedes that he was not lawfully entitled to the USCG Certificate of Registry certifying him to be a marine physician assistant because he obtained the certificate by fraud. Defendant further admits that the Certificate was issued by an officer or employee of the United States authorized by law to issue it. The sole issue on appeal is whether Defendant's use of a *copy* of the Certificate is subject to punishment under § 2197. Defendant contends that the statute does not prohibit the misuse of a "copy" of a federal certificate.

In support of his argument, Defendant points out that in § 2197, Congress prohibits the use of many different types of documents. For example, the statute provides that anyone who "alters . . . by addition, interpolation, deletion, or erasures" violates the statute. Further, the use of "altered, changed, forged, counterfeit . . . [or] blank forms" is prohibited by the statute. From this, Defendant posits that "Congress clearly foresaw the need to prohibit the use of many types of non-original documents in the very statute under consideration. This makes the omission of any prohibition on the use of a "copy" all the more significant since Congress prohibits the use of copies of other types of documents."

Defendant adds that, when Congress wishes to criminalize the use of a "copy" of a document or thing, it can, and has, expressed its intent in the statute. *See, e.g.*, 18 U.S.C.A. §§ 922(v)(1) (West Supp. 1999) (making it unlawful to possess a semiautomatic assault weapon) and 921(a)(30) (West Supp. 1999) (defining "semiautomatic assault weapon" as "any of the firearms *or copies or duplicates of the firearms* in any caliber, . . . ." (emphasis added)); 18 U.S.C.A. § 1015(c) (West Supp. 1999) (providing that "[w]hoever uses or attempts to use any certificate of arrival, declaration of intention, certificate of naturalization, certificate of citizenship or other documentary evidence of naturalization, *or any duplicate or copy thereof*, knowing the same to have been procured by fraud or false evidence . . . ." ); 18 U.S.C.A. § 1905 (West 1999) ("Whoever, being an officer or employee of the United States or of any department or agency thereof . . . permits any income return *or copy thereof* . . . to be seen or examined by any person except as provided by law; shall be fined under this title . . . ."); 18 U.S.C.A. § 2318(a) (West Supp. 1999) ("Whoever, . . . knowingly traffics in a counterfeit label affixed or designed to be affixed to a phono record, *or a copy of a computer program* or documentation or packaging for a computer program, *or a copy of a motion picture* . . . knowingly traffics in counterfeit documentation or packaging for a computer program, shall be fined under this title . . . .").

In rejecting Defendant's arguments, the district court ruled that:

> The Court . . . concludes[] that by submitting a copy of the Certificate, defendant was using the Certificate. Clearly the information on the copy of the Certificate came from the original Certificate and there is no doubt that defendant was intending to convey the information on the original Certificate to the prospective employers by sending a copy of the Certificate.
>
> Defendant argues that because other statutes specifically use the word "copy" or "copies," the Court should conclude that because 18 U.S.C. § 2197 does not contain such words, Congress did not intend that a use of a "copy" would be a violation of the statute. The fact that Congress specifically included the words, "copy" or "copies" in a statute relating to the unlawful possession of a semi-automatic assault weapon, *see* 18 U.S.C. § 922(c)(v)(1) and 921(a)(30), or because Congress specifically included the word "copy" in 18 U.S.C. § 1015(c) (improper use of a naturalization certificate), or 18 U.S.C. § 1905 (prohibiting improper disclosure of income tax returns) does not persuade this Court that the failure to specifically include the word "copy" in 18 U.S.C. § 2197 suggests a Congressional intent not to prohibit the misuse of a copy of a Certificate.

We agree with the district court. By providing prospective employers with a copy of the federal certificate or its serial number in order to procure a job, Defendant made use of the certificate itself or, more specifically, the information contained therein. In this instance, the copy was the functional equivalent of the original for the purposes Defendant employed it. *Cf.* Fed. R. Evid. 1003 (stating that a duplicate of an original writing is admissible as evidence to the same extent as an original unless there is a genuine question as to the original's authenticity or it would otherwise be unfair to admit the duplicate instead of the original). For