*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0071p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

*v.*

No. 04-5981

ERIKI GALLOWAY,

*Defendant-Appellee.*

>

---

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 02-20355—Bernice B. Donald, District Judge.

Argued: July 27, 2005

Decided and Filed: February 27, 2006

Before: ROGERS and SUTTON, Circuit Judges; FORESTER, District Judge.[*]

---

## COUNSEL

**ARGUED:** David C. Henry, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellant. Kemper B. Durand, THOMASON, HENDRIX, HARVEY, JOHNSON & MITCHELL, Memphis, Tennessee, for Appellee. **ON BRIEF:** David C. Henry, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellant. Kemper B. Durand, THOMASON, HENDRIX, HARVEY, JOHNSON & MITCHELL, Memphis, Tennessee, for Appellee.

---

## OPINION

---

KARL FORESTER, Senior District Judge. The United States appeals the district court's decision not to sentence Eriki Galloway as a career offender under § 4B1.1 of the United States Sentencing Guidelines. For the reasons set forth below, we **REVERSE** and **REMAND** for resentencing.

---

[*]The Honorable Karl S. Forester, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

**I.**

On September 18, 2002, a Federal Grand Jury sitting in the Western District of Tennessee returned a one count indictment against Eriki Galloway charging that on or about September 5, 2002, in the Western District of Tennessee, Galloway did unlawfully, knowingly and intentionally possess with the intent to distribute a schedule II controlled substance, to wit: approximately 211 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). On January 15, 2003, Galloway entered a voluntary guilty plea to one count of possessing approximately 211 grams of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1). In exchange for his plea, the Government agreed to recommend that Galloway receive a sentencing reduction for acceptance of responsibility and that he be sentenced at the low end of his guideline range. The Presentence Investigation Report (PSR) prepared in Galloway's case recommended that he receive a three-level enhancement under U.S.S.G. § 4B1.1 for being a career criminal. This conclusion was based on Galloway's two prior felony convictions: (1) a 1989 conviction for unlawfully possessing a controlled substance with the intent to sell; and (2) a 1991 conviction of attempting to commit a felony. The PSR concluded that these two convictions were controlled substance violations as defined by § 4B1.2 of the Sentencing Guidelines. Galloway objected to the imposition of the career offender enhancement.

The dispute in this case centers on Galloway's 1991 Tennessee conviction for attempt to commit a felony. In 1991, Galloway was indicted for unlawful possession of a controlled substance, hydromorphone, with intent to sell. However, Galloway later pled guilty to "attempt to commit a felony" under Tennessee Code Annotated § 39-12-101. The district court determined that Galloway's conviction for attempt to commit a felony was not a controlled substance offense. The district court concluded that neither the record of Galloway's conviction for "attempt to commit a felony" nor the statutory elements of that offense indicated that he was convicted of a controlled substance violation in 1991. The district court noted that the Tennessee attempt statute was "generalized," and that as a logical matter attempt is not an offense, but must be connected to another crime. However, the district court declined to examine the indictment because Galloway was not convicted of the charge appearing in the indictment. The district court thus concluded that the career offender guideline was inapplicable to Galloway because he had not been convicted of two controlled substance offenses.

**II.**

This Court reviews a district court's legal conclusions regarding the Sentencing Guidelines *de novo*. *United States v. Garner*, 940 F.2d 172, 174 (6th Cir. 1991). Moreover, we review a district court's factual findings in applying the Sentencing Guidelines for clear error. *See United States v. Latouf*, 132 F.3d 320, 331 (6th Cir.1997).

A defendant is considered a career offender under the Guidelines if he is currently being sentenced for a controlled substance violation and he has at least two prior felony convictions for controlled substance offenses. U.S.S.G. § 4B1.1 (2002). "Controlled substance offense" is defined as a federal or state offense that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance, or possession with intent to manufacture, import, export, distribute or dispense a controlled substance. U.S.S.G. § 4B1.2(b). The definition of a controlled substance offense includes the offenses of aiding and abetting, conspiring and attempting to commit such offenses. *Id*. at Application Note 1. A specific, technical approach is taken in cases such as Galloway's where it is unclear whether a prior conviction qualifies as a controlled substance offense.

In order to determine whether a defendant's prior conviction is a "controlled substance offense" for purposes of § 4B1.1, the Sixth Circuit has adopted a "categorical" approach. *See United States v. Martin*, 378 F.3d 578, 581 (6th Cir. 2004) (employing a categorical approach to determine whether a particular offense constituted a "crime of violence" under the Guidelines); *United States*

*v. Butler*, 207 F.3d 839, 842-43 (6th Cir. 2000) (employing a categorical approach to determine whether a particular offense constituted a "controlled substance offense" or "crime of violence" under the Guidelines). Generally speaking, only the fact of the prior conviction and the statutory definition of the predicate offense are used to determine whether a prior conviction is a controlled substance offense. *Butler*, 207 F.3d at 843; *see Martin*, 378 F.3d at 581. "Under this approach, it is not only impermissible, but pointless, for the court to look through to the defendant's actual criminal conduct. . . . Indeed, the categorical approach eliminates the practical difficulties and potential unfairness of a factual approach to each prior conviction." *Butler*, 207 F.3d at 843 (internal quotations and citations omitted). If, however, "the relevant statute of conviction does not supply a clear answer to [whether the defendant committed a controlled substance offense] the sentencing court may consult the indictment and either the jury instructions or plea agreement for the specific conduct with which the defendant was charged in order appropriately to characterize the offense." *Martin*, 378 F.3d at 581.

The categorical approach used to determine the nature of a prior offense was confirmed by the Supreme Court in *Shepard v. United States*, 125 S.Ct. 1254 (2005). The decision also explicitly stated what documents can be used by the district court to characterize a prior felony for purposes of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Shepard was convicted of burglary in Massachusetts, and whether his prior conviction was a violent felony, as defined in the ACCA, became an issue. Under the ACCA, "generic burglary" is a predicate violent felony, defined by the Supreme Court as the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). However, some states define burglary more broadly, including, for instance, breaking and entering a car; a burglary statute with such a broader definition is referred to by the Supreme Court as "non-generic burglary." *Shepard*, 125 S.Ct. at 1257. If a defendant is convicted of non-generic burglary, the conviction may or may not qualify as a predicate violent felony under the ACCA. The question thus became what sources may a district court consult to determine whether a state court conviction for non-generic burglary qualified as a predicate violent felony.

In *Shepard*, the First Circuit concluded that a district court could consider complaint applications and police reports in determining whether a defendant's prior conviction for burglary qualified as a violent felony under the ACCA. *Shepard*, 125 S.Ct. at 1258-59. The Supreme Court reversed, stating "that a later court determining the character of an admitted burglary is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id*. at 1257.

By extension, *Shepard* sets out what a district court may consider in determining whether a defendant has committed a "controlled substance offense" under sentencing guideline 4B1.1. Galloway was convicted of "attempt to commit a felony," which from the face of the statute may or may not qualify as a controlled substance offense. Whether a defendant who is convicted of non-generic burglary has committed a predicate violent felony under the ACCA is similar to the issue presented in this case. The district court addressed what documents it could consult to determine the nature of Galloway's prior conviction for attempt to commit a felony within the confines of the categorical approach adopted by the Sixth Circuit. In the instant case, the district court adopted a narrower approach to what documents may be used to determine the nature of a prior conviction than did the Supreme Court in *Shepard*.

While *Shepard* involves the definition of a violent felony under the ACCA, we conclude that *Shepard*'s holding is fully applicable to Sentencing Guideline cases that require a court to determine the nature of a prior conviction when the defendant has a prior conviction under a generic statute that may or may not serve as a predicate for a sentencing enhancement. *Shepard*'s discussion has been used to determine whether a prior conviction is a "drug trafficking offense" under § 2L1.2 of

the Sentencing Guidelines. *See United States v. Gutierrez-Ramirez*, 405 F.3d 352, 358 (5th Cir. 2005). Further, *Taylor*'s holding has been consistently applied in cases addressing whether a defendant has committed a "violent felony" or "controlled substance offense" under the career offender Guideline. *See Martin*, 378 F.3d at 581; *Butler*, 207 F.3d at 843. Thus, we find that *Shepard* is applicable in determining whether Galloway's 1991 attempt conviction qualifies as a controlled substance offense under § 4B1.1 of the Guidelines.

The district court correctly concluded that whether Galloway's 1991 conviction is a controlled substance offense is not evident from the judgment or the elements of the offense. Therefore, the district court was required to look to the indictment or guilty plea in order to characterize the offense. There was no written plea agreement presented and the district court refused to look at the 1991 indictment because Galloway was convicted of a crime other than the one charged in the indictment. We need not address whether this decision was sound. Under the Supreme Court's discussion in *Shepard*, a district court may also look to the plea colloquy in order to characterize a defendant's prior conviction as a predicate offense under the career offender guideline.

A review of the 1991 plea colloquy reveals that this offense was a controlled substance offense. During the plea colloquy, Galloway was asked, "Okay. Now, they searched you with possession of Dilaudid with intent to sell?", to which Galloway responded, "Yes, Sir." J.A. at 89. Galloway's counsel also stipulated to the fact that Galloway was in possession of forty-three tablets, which tested positive for Dilaudid, when he was arrested. Based on Galloway's plea colloquy, the character of the 1991 conviction is apparent and the prior conviction qualifies as a controlled substance offense. Galloway thus has two prior controlled substance convictions and the sentencing enhancement of § 4B1.1 is applicable.

### III.

For the foregoing reasons, we reverse Galloway's sentence and remand the case for resentencing in accordance with this opinion.