NOT RECOMMENDED FOR PUBLICATION
File Name: 09a0388n.06

**FILED**

**May 29, 2009**

LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ALBERT ROBINSON, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant/Appellant. | ) | |
| | ) | OPINION |
| | ) | |

**Before: GILMAN and MCKEAGUE, Circuit Judges; and GRAHAM, District Judge.**[*]

**RONALD LEE GILMAN, Circuit Judge.** Albert Robinson pled guilty to three counts of

possessing drugs with the intent to distribute them and to one count of being a felon in possession

of a firearm. After finding that two earlier state-court drug convictions made Robinson a career

offender pursuant to § 4B1.1 of the United States Sentencing Guidelines, the district court sentenced

him to 168 months of imprisonment. Robinson now challenges his sentence, arguing that the

government did not meet its burden of demonstrating that his prior convictions satisfy the career-

offender requirements. For the reasons set forth below, we **AFFIRM** the judgment of the district

court.

**I. BACKGROUND**

---

[*]The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

In March 2007, Robinson was charged with two counts of possessing with the intent to distribute five grams or more of crack cocaine and one count of possessing with the intent to distribute an unspecified amount of powder cocaine, all in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). He was also charged with one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). After unsuccessfully moving to exclude the evidence against him, Robinson pled guilty to all four charges. He did not enter a plea agreement with the government before pleading guilty.

Because Robinson had been convicted in Ohio state court of drug offenses in 1990 and 1991, the government argued at his sentencing hearing that he was a "career offender" as that term is defined in U.S.S.G. § 4B1.1(a). Robinson filed a motion to challenge his designation as a career offender, contending that the charging documents in his 1990 and 1991 state convictions do not definitively establish that those convictions qualify as "controlled substance offense[s]" under U.S.S.G. § 4B1.2(b). The district court rejected Robinson's argument and, pursuant to U.S.S.G. § 4B1.1(b), set Robinson's offense level at 37 and his criminal history category at VI.

Robinson's offense level was then reduced by three levels for accepting responsibility for his crimes, pursuant to U.S.S.G. § 3E1.1, and by two levels for providing substantial assistance to the government, under U.S.S.G. § 5K1.1. These reductions led to a final advisory Guidelines range of 210 to 262 months of imprisonment. Rather than accept that range, Robinson argued that the factors listed in 18 U.S.C. § 3553(a) supported a downward variance. The district court agreed and sentenced Robinson to 168 months of imprisonment. Robinson now appeals his sentence. His sole

argument is that the district court erred in applying the career-offender designation to him, and he requests that he be resentenced without that designation.

## II.  ANALYSIS

We apply the de novo standard of review to the district court's determination that Robinson is a career offender.  *See Mallett v. United States*, 334 F.3d 491, 500 (6th Cir. 2003).  A career offender is defined as a defendant who: (1) "was at least eighteen years old at the time [of] the instant offense of conviction," (2) is being sentenced for "a felony that is either a crime of violence or a controlled substance offense," and (3) "has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1(a).

Robinson's challenge to his designation as a career offender relates only to the third prong of the definition.  According to the government, Robinson's prior state-court convictions of drug crimes in 1990 and 1991 were "controlled substance offenses[s]" as defined in U.S.S.G. § 4B1.2(b).  Pursuant to that section of the Guidelines, "[t]he term 'controlled substance offense' means an offense . . . punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."  *Id.*

The "categorical approach" is used to determine whether a prior conviction is a controlled-substance offense under § 4B1.2(b).  *United States v. Galloway*, 439 F.3d 320, 323 (6th Cir. 2006) (extending *Shepard v. United States*, 544 U.S. 13, 19-20 (2005)), which applied the categorical

approach in the context of the Armed Career Criminal Act, to the analysis of prior convictions in career-offender determinations). Under the categorical approach, "[g]enerally speaking, only the fact of the prior conviction and the statutory definition of the predicate offense are used to determine whether a prior conviction is a controlled substance offense." *Galloway*, 439 F.3d at 322. Where "the categorical approach fails to be determinative, a sentencing court may look to the 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" *United States v. Montanez*, 442 F.3d 485, 498 (6th Cir. 2006) (quoting *Shepard*, 544 U.S. at 16).

Both of Robinson's relevant prior convictions were based on his violation of Ohio Rev. Code § 2925.03(A). At the time of Robinson's Ohio convictions, that section provided that "[n]o person shall knowingly do any of the following[,]" and went on to list 10 distinct drug offenses involving possession and sale of controlled substances, among other acts. *Id.* The journal entries evidencing Robinson's convictions in the Cuyahoga County Court of Common Pleas identify the statute of conviction only as "O.R.C. 2925.03," without specifying a subsection. As Robinson correctly pointed out to the district court and again on appeal, at least 2 of the 10 subsections of Ohio Rev. Code § 2925.03(A) do not qualify as "controlled substance offenses" within the meaning of U.S.S.G. § 4B1.2(b). *Montanez*, 442 F.3d at 490-92. The two subsections in question—§ 2925.03(A)(6) and (9)—are not "controlled substance offenses" because they involve only simple possession of drugs without their "manufacture, import, export, distribution, or dispensing" or intent to perform any of those acts. *Id.*

Following the categorical approach, the district court thus looked beyond the statute of conviction to the charging documents in the two prior drug cases. Neither indictment specified *by number* the subsection of § 2925.03(A) that Robinson was accused of—and later pled guilty to—violating. Instead, both indictments stated that Robinson "did knowingly prepare for shipment, ship, transport, deliver, prepare for distribution or distribute a controlled substance . . . knowing or having reasonable cause to believe such drug was intended for sale or resale by the offender or another." As the district court correctly noted, the indictments essentially track the language of one particular subsection of § 2925.03(A). Subsection (2) of that statute reads as follows:

> No person shall knowingly do any of the following:
> . . .
>
> (2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe the controlled substance is intended for sale or resale by the offender or another[.]

*Id.*

The government argues that this language in the indictments conclusively establishes that Robinson was convicted of a controlled-substance offense. We agree. Because § 2925.03(A)(2) includes an element of "manufacture, import, export, distribution, or dispensing," or intent to do those things, that subsection of the Ohio statute falls within the ambit of U.S.S.G. § 4B1.2(b). *United States v. Wright*, 43 F. App'x 848, 852-53 (6th Cir. 2002) (concluding that Ohio Rev. Code § 2925.03(A)(2) describes the "possession of a controlled substance with intent to distribute it," and therefore is a U.S.S.G. § 4B1.2(b) controlled-substance offense); *United States v. Karam*, 496 F.3d 1157, 1167-68 (10th Cir. 2007) (reaching the same conclusion about Ohio Rev. Code

§ 2925.03(A)(2)). Where the charging document closely tracks the statutory language of the relevant subsection, the fact that the subsection is not *also* identified by its number does not create any reasonable doubt about which subsection has been charged.

Robinson next argues that the district court erred by looking *beyond* the charging documents in his two prior Ohio drug cases and accepting "factual assertions and even opinions of the probation officer and the Assistant United States Attorney in determining the nature of the state court convictions." His argument is based on language in the journal entry that evidences his 1991 drug conviction, one of the two that supported his career-offender designation. That document states: "Count One is amended deleting the furthermore clause[.]" Robinson argues that this language raises the possibility that the charge against him might have been amended to employ one of the non-qualifying subsections of § 2925.03(A).

The record refutes Robinson's argument. Robinson's 1991 indictment was comprised of two clauses: first, a clause charging him with violating § 2925.03(A)(2) (using the language of that subsection but not its number), and second, a clause beginning with "furthermore" that described Robinson's 1990 conviction. The district court concluded that the 1991 journal entry's deletion of the "furthermore clause" could not have been an amendment of the subsection charged against Robinson, but rather a deletion of the clause that described the prior conviction. At sentencing, the district court stated that Robinson's conduct "was under 2925.03[A](2). We can tell that even though that section is not mentioned, and . . . [t]here's nothing to indicate at all that any of that was changed . . . ."

Although Robinson correctly points out that the district court engaged in a brief colloquy with the probation officer and counsel for the government while examining the documents, the sentencing transcript conclusively establishes that the court did not look beyond the charging documents in order to reach its ruling. We thus find no error in the district court's conclusion that Robinson was convicted of two prior controlled-substance offenses in the Ohio state court. He was therefore appropriately sentenced as a career offender.

## III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.