NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0084n.06

Nos. 11-4342, 11-4378

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jan 23, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| RICARDO APODACA, (11-4342) | ) | OHIO |
| FRANCISCO FELIX-FELIX, (11-4378) | ) | |
| | ) | |
| Defendants-Appellants. | ) | OPINION |

---

Before: COLE, DONALD, Circuit Judges; RUSSELL, Senior District Judge.[*]

DONALD, Circuit Judge. Ricardo Apodaca and Francisco Felix-Felix ("Felix") each pleaded guilty to conspiracy to distribute cocaine and cocaine base. Both now appeal their sentences. Apodaca argues that his California conviction of assault with a deadly weapon other than a firearm cannot be a predicate for career offender status. Felix claims that his prior conviction under California Health and Safety Code ("California HSC") 11359 cannot be a predicate for career offender status because the government did not prove that the offense is a controlled substance offense with *Shepard* documents, and that the district court did not indicate that it understood its discretion regarding the value of his substantial assistance. For the following reasons, we affirm.

---

[*]The Honorable Thomas B. Russell, United States Senior District Judge for the Western District of Kentucky, sitting by designation.

## I.  BACKGROUND

After being charged in a multi-count indictment arising out of a massive drug trafficking scheme, Apodaca pleaded guilty to conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846.  The plea preserved Apodaca's right to appeal the district court's decision of whether to sentence him as a career offender under U.S.S.G. § 4B1.1.

At Apodaca's sentencing hearing on November 29, 2011, the district court considered whether Apodaca's two prior offenses qualified him as a career offender under § 4B1.1.  The first prior offense was a 1998 Minnesota conviction for conspiracy to distribute methamphetamine.  The second was a 2008 California conviction for assault with a deadly weapon other than a firearm under California Penal Code § 245(a)(1).  Apodaca argued that the California conviction was not a felony, and, thus, could not be a predicate offense for career offender status.  The district court disagreed because the offense is punishable by a term exceeding one year; it sentenced Apodaca to 210 months imprisonment followed by ten years of supervised release and a $100 special assessment.

Felix was charged in the same indictment and he, too, pleaded guilty to conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846.  As part of the plea deal, Felix waived the right to appeal "except as specifically reserved"; the reserved exceptions include:

> (a) any punishment in excess of the statutory maximum; (b) any sentence to the extent it exceeds the greater of any mandatory minimum sentence or the maximum of the sentencing range . . . found applicable by the Court; or (c) the Court's determination, if any, that defendant meets the criteria for sentencing as a career offender under U.S.S.G. § 4B1.1.

His plea also reserved the right to appeal based on ineffective assistance of counsel or prosecutorial misconduct. At his plea hearing, the court explained the plea waiver in detail and asked Felix whether he had reviewed the waiver carefully with his attorney, whether he understood the waiver, and whether he still wished to plead guilty. To each question, Felix responded in the affirmative.

At Felix's sentencing hearing on December 9, 2011, the district court considered whether Felix was a career offender under § 4B1.1 and whether to grant a downward departure. The Presentence Investigation Report ("PSR") indicated that Felix had two relevant prior convictions: a 1999 California conviction for possession of marijuana for sale, in violation of California HSC 11359, and a 2001 California conviction for possession of a controlled substance for sale. The government proved the 1999 conviction with the only documents available: a case summary from California, case "minutes" from California showing that Felix pleaded *nolo contendre* to violation of California HSC 11359, a criminal history report from Los Angeles County, and an indictment. Felix argued that these documents were not sufficient under *Shepard v. United States*, 544 U.S. 13 (2005), to prove that the 1999 conviction was not a simple possession conviction, and thus, he argued, this offense could not be a predicate for career offender status. The government responded that the only way to violate California HSC 11359 was through possession of marijuana for sale and that this offense is categorically a controlled substance offense; additional documents were not necessary. The district court found that the documents adequately proved that Felix was convicted of possession of marijuana for sale, that it is a controlled substance offense, and that Felix is a career offender under § 4B1.1. The court also granted the government's motion for a downward departure

for Felix's substantial assistance, pursuant to U.S.S.G. § 5K1.1, after a sidebar in which the government explained the details of Felix's cooperation. With the requested three-level reduction, the new Guidelines range was 188-235 months. After considering the nature of the offense and Felix's acceptance of responsibility, the court sentenced Felix to 188 months imprisonment followed by five years of supervised release and a $100 special assessment.

Both defendants appealed their sentences and we consolidated the appeals.

## II. ANALYSIS

### A. Apodaca's Appeal of His Career Offender Status

Apodaca challenges the district court's finding that he is a career offender under U.S.S.G. § 4B1.1 on the grounds that his California conviction for assault with a deadly weapon other than a firearm is not a felony. We review a district court's ruling that a defendant is eligible to be sentenced as a career offender de novo. *United States v. Meeks*, 664 F.3d 1067, 1069 (6th Cir. 2012); *see also United States v. Wynn*, 579 F.3d 567, 570 (6th Cir. 2009) (reviewing whether a prior conviction is a "crime of violence" under § 4B1.1 de novo). We also review de novo questions of statutory interpretation underlying the eligibility issue. *United States v. Morris*, 203 F.3d 423, 424 (6th Cir. 2000).

Under § 4B1.1(a), a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense . . . , (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

There is no question that Apodaca has met the first and second prongs. The sole question here is whether his California conviction for assault with a deadly weapon other than a firearm may be deemed a prior felony conviction for purposes of this section.

Apodaca's California conviction falls under California Penal Code § 245(a)(1), in which "[a]ny person who commits an assault upon the person of another with a deadly weapon other than a firearm . . . shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year." CAL. PENAL CODE § 245(a)(1) (West 2012). When a sentencing court sentences a defendant pursuant to the last option, the offense is treated as a misdemeanor under California law. CAL. PENAL CODE § 17(b) (West 2012) (making a crime a "misdemeanor for all purposes" after a judgment imposing a sentence other than state prison). In California, this is termed a "wobbler" offense because, in essence, the sentencing judge has the option of making the offense a felony or a misdemeanor, depending on the sentence imposed. *See United States v. Boumelhem*, 339 F.3d 414, 425-26 (6th Cir. 2003). Apodaca contends that his conviction was only a misdemeanor because the court chose to impose a sentence of 365 days in county jail, making the conviction a misdemeanor "for all purposes."

In prior circumstances where we have dealt with California wobbler offenses, we have looked to the designation under California law to determine whether the offense was a misdemeanor or a felony. *See United States v. Robinson*, 390 F.3d 853, 879-80 (6th Cir. 2004*); United States v. Boumelhem*, 339 F.3d at 425-27. However, both *Robinson* and *Boumelhem* involved a sentencing enhancement under 18 U.S.C. § 922, under which "any state offense classified by the laws of the State as a misdemeanor" are expressly excluded from the felony definition. *See* 18 U.S.C. § 921(20). Here, the applicable Guideline is quite different. A "prior felony conviction" means a "prior adult federal or state conviction for an offense punishable by . . . a term exceeding one year, *regardless of whether* such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S.S.G. § 4B1.2 cmt. 1 (emphasis added). The designation of the offense under California law and the actual sentence imposed is irrelevant. The only relevant question is whether the California offense is punishable by a term exceeding one year.

Apodaca argues the California statute effectively encompasses two offenses: one that is punishable by a longer term in state prison and one that is punishable by county jail for a term "not exceeding one year." *See* CAL. PENAL CODE § 245(a)(1). By selecting the county jail option, he argues, the California sentencing court restricted itself to a sentence "not exceeding one year" and this is the equivalent of convicting him of an offense not punishable by a term exceeding one year. We find this to be a misreading of the statute. The statute encompasses a single offense: "assault with a deadly weapon . . . other than a firearm." *Id*. That single offense "shall be punished by imprisonment . . . for two, three or four years or in a county jail for not exceeding one year." *Id*. The

statute provides for multiple punishment options, not multiple offense options. The single offense is punishable by a term exceeding one year, and this satisfies § 4B1.1.

Even if it were appropriate for us to look more closely to the intent of California law, it is apparent that Apodaca's California offense is not a misdemeanor. Apodaca was not, as he contends, sentenced to a misdemeanor sentence. Rather, he was sentenced to 365 days in county jail, suspended, credit for 144 days, and five years of probation. Under California law, where a court suspends a sentence and orders probation, it is considered a conviction, but no judgment has been rendered. *See People v. Esparza*, 253 Cal. Ct. App. 2d 362, 364 (1967); *see also United States v. Soto-Lara*, 471 F. App'x 720, 722 (9th Cir. 2012); *United States v. Robinson*, 967 F.2d 287, 293 (9th Cir. 1992), *abrogated in part on other grounds by Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1020 (9th Cir. 2006). Section 17(b) offenses are regarded as felonies until a judgment is entered. *People v. Glee*, 82 Cal. Ct. App. 4th 99, 103 (2000). Apodaca makes no argument to show that a judgment was actually rendered, so it would not be considered a misdemeanor even in California. Accordingly, the district court did not err in finding that Apodaca is a career offender under § 4B1.1.

**C. Felix's Appeal of His Career Offender Status**

Felix, too, challenges the district court's finding that he is a career offender under U.S.S.G. § 4B1.1. Felix argues on appeal that the government did not adequately prove that his 1999 California conviction was a controlled substance offense, and, thus, this offense cannot be used as a predicate for § 4B1.1 career offender status. Specifically, he argues that the case summary and

docket sheet the government relied on were "non-*Shepard* documents," which he claims is improper

under *Shepard v. United States*, 544 U.S. 13 (2005). The government acknowledges that these

documents do not satisfy *Shepard*, but it argues that it did not have to provide *Shepard* documents

in this case because Felix did not challenge the fact of the conviction and the statutory definition was

adequate to determine the nature of the offense. Again, we review a defendant's eligibility to be

sentenced as a career offender de novo. *Meeks*, 664 F.3d at 1069.

We use a categorical approach to determine whether a prior offense is a controlled substance

offense. *United States v. Galloway*, 439 F.3d 320, 322 (6th Cir. 2006). This means that a court

usually only need review the fact of conviction and the statutory definition of the predicate offense

to determine whether it is a controlled substance offense. *Id*. If, however, the relevant statue does

not provide a clear answer, then the sentencing court may consult other documents. *Id*. at 323.

In *Shepard*, the Supreme Court endorsed the categorical approach for determining whether

a prior conviction of burglary was a violent felony under the ACCA, but allowed the sentencing

court to rely on additional documents when the defendant was convicted under a non-generic statute.

544 U.S. at 19-26. Appropriate documents include "the charging document, the terms of a plea

agreement or transcript of colloquy . . . in which the factual basis for the plea was confirmed by the

defendant, or to some comparable judicial record." *Id.* at 26. In the ACCA context, we have noted

that *Shepard* documents are only appropriate where "the crime at issue contains at least two

categories, at least one way of committing the offense is a crime of violence, and at least one way

of committing the offense is not." *United States v. Young*, 580 F.3d 373, 385 (6th Cir. 2009). We

have also held that *Shepard* applies to determining whether a prior conviction is a controlled substance offense under § 4B1.1. *Galloway*, 439 F.3d at 323. For this analysis, the court may rely on *Shepard* documents if the convicting statute does not make it clear whether the defendant's offense qualifies as a controlled substance offense. *Id.* By necessary implication, this means that when the statute is clear on its face as to whether it is a controlled substance offense, it is inappropriate to consider *Shepard* documents.

Felix's 1999 conviction was for violation of a statute that provides that "every person who possesses for sale any marijuana, except as otherwise provided by law, shall be punished" in a "county jail for 16 months, or two or three years." CAL. HEALTH & SAFETY CODE § 11359 (West 2011); CAL. PENAL CODE § 1170(h). There is no other way to violate this statute. A "controlled substance offense" under § 4B1.1 is an offense "punishable by imprisonment for a term exceeding one year" that prohibits "the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). The California conviction for possession of marijuana for sale fits this definition.

Felix does not challenge the fact of the offense or the specific convicting statute. He merely argues that the government did not prove its case. The government presented a case summary from California, case "minutes" from California, a criminal history report from Los Angeles County, and an indictment to prove the nature of this conviction. These were the only documents that exist in California regarding the offense. The documents show that Felix was charged with and pleaded *nolo*

*contendre* to a violation of California HSC 11359. We find that the district court did not err in relying on these documents to show the fact of the conviction.

## D. Felix's Challenge Regarding the District Court's Sentencing Discretion

Felix also challenges his sentence on the ground that the district court did not state on the record that it understood its sentencing discretion. The result of this misunderstanding, he claims, is that when the court granted the government's motion for a downward departure pursuant to § 5K1.1, it merely adopted the government's suggestion rather than making an independent assessment of the value of his substantial assistance. *See United States v. Grant*, 636 F.3d 803, 816 (6th Cir. 2011) (noting that a district court is free to give a lesser or greater reduction than recommended based on an independent assessment of the value of the substantial assistance). The government responds that this appeal fits squarely within the appeal waiver in Felix's plea and that review of this issue is precluded. We review de novo the question of whether a defendant has waived the right to appeal in a plea waiver. *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003).

There is no question that a defendant may waive the right to appeal by means of a valid plea agreement. *United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012); *Smith*, 344 F.3d at 483. This court is bound by that agreement so long as the present appeal falls within the scope of the waiver, and so long as the waiver was knowing and voluntary. *Toth*, 668 F.3d at 378; *Smith*, 344 F.3d at 483.

As for the scope, Felix's plea expressly waived his appeal rights "except as specifically reserved." The only specific reservations are for ineffective assistance, prosecutorial misconduct, or one of three specific sentencing decisions. The three sentencing decisions reserved were a sentence in excess of the statutory maximum, a sentence higher than the applicable Guidelines range, and a determination that Felix is a career offender. Felix's challenge that the district court did not understand its sentencing discretion cannot be classified as any of these. He does not allege that his counsel or the prosecutor did anything improper. He was not sentenced above his applicable Guidelines range, and no statutory minimum applied because the court granted a § 5K1.1 motion. *See United States v. Hameed*, 614 F.3d 259, 262-63 (6th Cir. 2010) (noting that a sentencing court is not bound by the statutory minimum when it grants a motion for downward departure pursuant to § 5K1.1.) This challenge does not arise out of the court's decision regarding Felix's career offender status. Thus, the plea waiver applies to this challenge.

To determine whether a waiver was knowing and voluntary, we look to the plea itself as well as to the plea colloquy. *See United States v. Swanberg*, 370 F.3d 622, 626 (6th Cir. 2004); *see also United States v. Murdock*, 398 F.3d 491, 497 (6th Cir. 2005) (finding error where the district court did not inform the defendant of the appeal waiver as required by Rule 11(b)(1)(N)). Here, the plea itself states that Felix had been advised by counsel of the right to appeal his sentence conferred by 18 U.S.C. § 3742, and that he "expressly and voluntarily waives those rights." At his plea hearing, the district court carefully explained that all appeal rights had been waived with the exception of the ones listed in the plea, which it also explained. The court asked Felix if his attorney had explained

this carefully, and Felix then conferred with his attorney in court. The court asked Felix whether he understood the waiver and whether he still wished to plead guilty and Felix responded "yes" to both questions. There is nothing here that would suggest that the waiver could have been anything other than knowing and voluntary. *See Swanberg*, 370 F.3d at 626 (considering a waiver knowing and voluntary when the court explained the waiver at the plea hearing although the court later erroneously informed the defendant that he had the right to appeal). Felix knowingly and voluntarily waived his right to appeal this issue and we will not review it.

### III. CONCLUSION

For the foregoing reasons, the sentences imposed by the district court are affirmed as to both Apodaca and Felix.