NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0129n.06

No. 12-4177

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Feb 04, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| LAWRENCE A. CALLOWAY, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MARTIN and SUTTON, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Lawrence A. Calloway, who is represented by counsel, appeals a district court judgment following his guilty plea to conspiring to commit wire fraud in a mortgage fraud scheme. *See* 18 U.S.C. §§ 371, 1343. Under the terms of his plea agreement, Calloway waived his right to appeal his conviction and sentence. The agreement recommended a total offense level of twelve, based in part on a loss to the lender in the amount of $294,106. However, the agreement did not recommend a criminal history category.

Calloway's presentence report calculated a loss in excess of $400,000, a total offense level of thirteen, and a criminal history category of III. Calloway filed a sentencing memorandum requesting that the district court follow the plea agreement and consider that he was seventy years old with health concerns.

At sentencing, the district court adopted the loss calculation from the plea agreement and granted a government motion to reduce the offense level by two due to Calloway's substantial

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

assistance.  *See* USSG § 5K1.1  The result of the loss calculation and downward departure resulted in an advisory sentencing guidelines range of ten to sixteen months of imprisonment. Upon consideration of the advisory range and the sentencing factors set forth in 18 U.S.C. § 3553(a), the district court imposed a split sentence of twelve months, with the first six months to be served in prison.   After release from prison, Calloway would serve six months in home detention, and simultaneously begin a three-year term of supervised release.  The court also imposed restitution in the amount of $294,160.

Calloway's attorney has filed an appellate brief with this Court and has moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).   After a review of the record, counsel expressed the opinion that there were no meritorious grounds for appeal, but nonetheless raised the issues of whether the appellate waiver was valid, whether the sentence was reasonable, and whether trial counsel rendered ineffective assistance.  Calloway was advised of his right to file a response, but has not done so.

Counsel's motion to withdraw is well taken.  Counsel has filed an acceptable *Anders* brief, and our full examination of all the proceedings leads us to agree that an appeal would be wholly without merit.  *See id.* at 744.

In his plea agreement, Calloway waived his right to appeal his conviction, except upon the following grounds:  1) ineffective assistance of counsel; 2) prosecutorial misconduct; and 3) his sentence, but only if the sentence exceeded the statutory maximum  or the guidelines range as calculated in accordance with the plea agreement.  A waiver provision in a plea agreement is valid if it is made knowingly and voluntarily.  *United States v. Wilson*, 438 F.3d 672, 673 (6th Cir. 2006). A valid waiver bars a defendant from bringing any type of claim not permitted by the agreement. *United States v. Sharp*, 442 F.3d 946, 949 (6th Cir. 2006).

Calloway's waiver is not invalid.  A review of the record reveals that the district court ensured that Calloway knowingly and voluntarily waived his appellate rights.  At the plea hearing,

the court reviewed the appellate waiver provision with Calloway and Calloway acknowledged that he understood the terms and consequences of the waiver. Calloway also confirmed that he had read his plea agreement, had reviewed the agreement with his lawyer, and was not pleading guilty as a result of pressure or threats.

The appellate waiver bars review of Calloway's sentence. Although the waiver permits review of a claim of ineffective assistance of counsel, we decline to address the issue at this time. Claims of ineffective assistance of counsel are disfavored on direct appeal and are more appropriately brought by filing a 28 U.S.C. § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504–07 (2003); *United States v. Sypher*, 684 F.3d 622, 626 (6th Cir. 2012). Because nothing in the record suggests that Calloway misunderstood the waiver of his appellate rights and there are no other issues that may presently be reviewed, we will dismiss the appeal. *See United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005).

We grant counsel's motion to withdraw and dismiss the appeal.