**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 13a0654n.06**

**No. 12-1699**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **FILED**<br>*Jul 16, 2013*<br>DEBORAH S. HUNT, Clerk |
| **Plaintiff-Appellee,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **ON APPEAL FROM THE UNITED** |
| **JONATHONE J. JOHNSON,** | ) | **STATES DISTRICT COURT FOR THE** |
| | ) | **EASTERN DISTRICT OF MICHIGAN** |
| **Defendant-Appellant.** | ) | |

**Before: SILER, CLAY, and GIBBONS, Circuit Judges.**

**JULIA SMITH GIBBONS, Circuit Judge.** Jonathone Johnson appeals his sentence of 87 months' imprisonment for wire fraud, in violation of 18 U.S.C. § 1343. Johnson pled guilty pursuant to a written plea agreement that included an appellate waiver. Johnson argues that the waiver does not preclude his appeal of the district court's allegedly erroneous determination of the amount of loss for purposes of United States Sentencing Guidelines Manual § 2B1.1(b)(1). The government filed a motion to dismiss Johnson's appeal based on the appellate waiver. Because Johnson's appellate waiver does not contain an exception allowing Johnson to appeal the district court's loss calculation and because the record demonstrates that the plea and waiver were knowingly and voluntarily made, we dismiss Johnson's appeal and decline to address his claim of ineffective assistance of counsel.

No. 12-1699
*United States v. Johnson*

## I.

A federal grand jury indicted Johnson and five co-defendants for their involvement in a mortgage fraud scheme. Johnson was indicted on one count of bank fraud, in violation of 18 U.S.C. § 1344; forty-four counts of wire fraud, in violation of 18 U.S.C. § 1343; one count of attempting to obstruct and impede an official proceeding, in violation of 18 U.S.C. § 1512(c)(2); four counts of making false statements in a matter within the jurisdiction of a federal agency, in violation of 18 U.S.C. § 1001; and four counts of money laundering, in violation of 18 U.S.C. §§ 1957 and 2. Johnson entered into a plea agreement with the government, in which he agreed to plead guilty to one count of wire fraud in exchange for the government's dismissal of all remaining charges against him. Johnson and his attorney signed the plea agreement beneath a paragraph which reads:

> By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorneys' advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his attorneys, and has had all of his questions answered by his attorneys.

## II.

Johnson's arguments may be classified as asserting alternatively that his claim falls outside the scope of the appellate waiver or that his appellate waiver was not knowing and voluntary.

## A.

Johnson argues that the plea agreement preserves his right to challenge the district court's loss calculation. As noted in the plea agreement, Johnson and the government "disagree[d] on the applicability of the . . . guidelines . . . relating to the amount of 'loss.'" The government recommended a range of 70–87 months and Johnson recommended an unspecified range below that.

-2-

At sentencing, consistent with the terms of the plea agreement, Johnson's counsel had the opportunity to make his argument regarding the loss calculation, which the district court took into account in making its Guidelines calculation.

Although Johnson's plea agreement preserved his right to contest the applicable Guidelines range in the district court, it foreclosed his ability to challenge on appeal the method by which the district court calculated that range. The agreement provides that "[i]f the sentence imposed does not exceed the maximum penalties allowed by Part 3 of this agreement, defendant waives any right he has to appeal his conviction or sentence." In Part 3, the agreement specifies that, "[p]ursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the top of the guideline range determined by the Court pursuant to Paragraph 2.B above."

In *United States v. Beals*, 698 F.3d 248 (6th Cir. 2012), we held that a waiver of the right to appeal any sentence except one "above the sentencing guideline range *as determined by the district court*," indicates the parties' commitment of the Guidelines range calculation to the district court's discretion and "permits [the defendant] to challenge the resulting sentence only if it exceeds the top end of the range the court calculates." *Beals*, 698 F.3d at 255. In that case, we explicitly rejected the defendant's argument that she could appeal the district court's allegedly incorrect calculation of her Guidelines range, holding that the language of her agreement "preclude[s] appellate challenges to the district court's Guidelines calculation." *Id.* at 256. Because the sentence the defendant received did not exceed the top end of the range "as calculated by the district court," we held that "the appeal waiver covers [the defendant's] present sentencing challenge and precludes our review." *Id.* at 255; *see also United States v. Calderon*, 388 F.3d 197, 200 (6th Cir. 2004). So too here.

As did the plea agreement in *Beals*, Johnson's plea agreement explicitly waives the right to appeal a sentence that is within the Guidelines range as determined by the district court. It also precludes appeal of the manner in which the district court calculated the appropriate Guidelines range—in other words, its loss calculation. Therefore, as in *Beals*, the argument that the Guidelines range was improperly calculated falls squarely within the scope of the appellate waiver, which precludes our review of Johnson's challenge to his sentence, so long as the waiver was knowingly and voluntarily made.

**B.**

"'Criminal defendants may waive their right to appeal as part of a plea agreement so long as the waiver is made knowingly and voluntarily.'" *Beals*, 698 F.3d at 255 (quoting *United States v. Swanberg*, 370 F.3d 622, 625 (6th Cir. 2004)). An appellate waiver may be challenged if it "was not knowing and voluntary, was not taken in compliance with [Federal Rule of Criminal Procedure] 11, or was the product of ineffective assistance of counsel." *Campbell v. United States*, 686 F.3d 353, 358 (6th Cir. 2012) (internal quotation marks omitted). Johnson argues that he "was led to believe that . . . he could continue to dispute and appeal the determination of the offense level with respect to calculation of loss." He claims that this understanding renders his plea unknowing and involuntary. Johnson attributes this understanding alternatively to (1) the district court's failure to apprise him of his rights and (2) ineffective assistance of counsel. Johnson did not raise either argument in the district court and never sought to withdraw his guilty plea.[1] Therefore, each is

---

[1] We note that, on April 13, 2012, Johnson filed a "Motion to Correct/Amend Sentence," arguing that the district court used an improper method to calculate the loss amount. However, he

reviewed for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). Plain error review allows this court to find error only if there is "(1) error, (2) that is plain, and (3) that affect[s] substantial rights." *Johnson v. United States*, 520 U.S. 461, 467 (1997) (internal quotation marks omitted). Even if such an error is found, we will only reverse if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

**1.**

"To determine whether a waiver was knowing and voluntary, we look to the plea itself as well as to the plea colloquy." *United States v. Apodaca*, Nos. 11-4342, 11-4378, 2013 WL 264329, at *5 (6th Cir. Jan. 23, 2013) (citing *Swanberg*, 370 F.3d at 626). The terms of the plea agreement do not provide any support for Johnson's argument that his appellate waiver was not knowing or voluntary. As noted above, Johnson and his lawyer each signed the agreement, which clearly articulated the limited instances in which Johnson would retain his right to appeal his sentence. *See United States v. Wilson*, 438 F.3d 672, 673 (6th Cir. 2006) ("By signing the plea agreement, defendant and his counsel both acknowledged not only that they had discussed the agreement, but also that defendant understood its terms.") At his plea colloquy, Johnson affirmed, under oath, that he read his plea agreement with his lawyers, that he signed it, and that he fully understood its terms.

---

never argued that this rendered his plea unknowing or involuntary.

Further, the record shows that the district court complied with Federal Rule of Criminal Procedure 11(b)(1)(N), requiring that, at the plea hearing, the district court inform the defendant and confirm that he understands "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." This compliance supports a conclusion that the waiver was, in fact, knowing and voluntary. In describing the components of the plea agreement, the prosecutor noted:

> [I]f the sentence imposed does not exceed the maximum penalties allowed by Part Three of this Agreement, Defendant waives any right to appeal his conviction or his sentence.

The court inquired of Johnson:

> And you did—you do understand the appeal waiver that's in here that says if I sentence you to not more than 87 months you are waiving your right to appeal the plea, your plea as well as your sentence?

To which Johnson replied:

> Yes, ma'am.

Both counsel then affirmed that they were "satisfied that the Court has complied with the rules in considering and accepting this plea." We have held that where "the defendant states that he had reviewed the plea agreement with his attorney and that his attorney had explained the agreement, or where the prosecutor refers to the waiver provision in summarizing the terms of the plea agreement, this may be sufficient to insure that the waiver was knowing and voluntary." *United States v. Robinson*, 455 F.3d 602, 610 (6th Cir. 2006) (upholding plea where the defendant responded that his attorney had explained the plea agreement, the prosecutor summarized the terms of the appellate waiver provision, and the district court asked the defendant, "Is this the agreement as you understand

it?" to which the defendant replied, "Yes, Your Honor."); *see also United States v. Sharp*, 442 F.3d 946, 950–51 (6th Cir. 2006) (upholding plea where the defendant "testified in open court that he had read the plea agreement, that he understood its terms, and that he had discussed the agreement with his attorney" and the appellate-waiver provision was summarized by the prosecutor).

**2.**

Regarding Johnson's ineffective assistance of counsel claim, Johnson testified under oath during the plea-taking colloquy that he had no concerns about his lawyer's representation, offering that "[h]e's been great." However, he now argues that "trial counsel did not explain the nature and terms of rights he was waiving." There is no evidence in the record that Johnson misunderstood the waiver of his appellate rights. *See United States v. Calloway*, No. 12-4177, 2013 WL 408173, at *2 (6th Cir. Feb. 4, 2013). We have routinely held that claims of ineffective assistance of counsel in connection with the imposition of sentence are "best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so parties can develop an adequate record on this issue." *United States v. McAllister*, 693 F.3d 572, 586 (6th Cir. 2012) (internal quotation marks omitted); *see also Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance."). Because the district court has not had the opportunity to address this claim and because the record is not adequately developed for us to review the claim, we decline to address it on direct appeal.

**III.**

We dismiss Johnson's appeal and decline to address his claim of ineffective assistance of counsel.